## LOUISA TODEMIER *et al.*
### *v.*
## HENRY ASPINWALL *et al.*

1. HIGHWAYS — *what sufficient description of road ordered to be laid out.* The description of a road proposed to be laid out is sufficiently certain, where from the whole proceedings had thereon, taken together, there appears no difficulty in locating the same.

2. SAME — *of assessment of damages for laying out road.* Where a road was ordered to be laid out, through lands belonging to an estate, an assessment of the damage to the heirs of such estate, is proper and legal.

3. SAME — *separate damages to widow — cannot be assessed.* In such case, separate damages cannot be assessed to the widow on account of an unassigned dower interest. An adjustment of the equities between the fee and the contingent right of dower must be left to the widow and the heirs.

26 — 43D ILL.

4. Public officers — *will be presumed to have performed their duties, unless the contrary appears.* In support of a bill for an injunction against public officers, this court will presume that they have performed their duties as required by law, where the record discloses no proof to the contrary.

Appeal from the Circuit Court of Stephenson county; the Hon. Benjamin R. Sheldon, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. Turner & Scroggs, for the appellants.

Messrs. Bailey & Brawley, for the appellees.

Mr. Justice Lawrence delivered the opinion of the Court:

This was a bill in chancery brought by the appellants against the appellees, to enjoin them, as commissioners of highways of the town of Florence, from opening a highway through the land of the complainants. On the hearing in the Circuit Court the bill was dismissed.

The first objection taken to the proceeding is, the alleged insufficiency of the description of the road in the report of the county surveyor, and in the order of the commissioners. The description as first given in the surveyor's report was wholly uncertain, but he added to his plat a marginal note correcting the description, and rendering it sufficiently certain. So too of the order of the commissioners; while in one part the description is uncertain, yet in another part, in which they refer to the petition for the road, and state that it is granted, they give the description with complete certainty. On the whole order together there could be no difficulty in locating the road.

It is also objected, that the action of the commissioners in assessing damages was illegal, inasmuch as no separate damages were assessed to the widow for her dower interest. The land in controversy taken for the road, belonged to the estate of Frederick Kohlermeier, deceased. By his will he devised his estate to his widow, to hold so long as she remained unmarried, but provided, that in the event of her marriage, she should take only such interest as she would have had if he had died

intestate, and his estate should go to his children. The widow married before this controversy arose, and hence her interest in the estate was an unassigned right of dower. The commissioners assessed twenty dollars to the heirs of Kohlermeier as damages, and we do not think their failure to assess separate damages to the widow was an error in their proceedings. We do not perceive on what basis such damages could have been assessed. Her dower, when assigned, may be allotted in a part of the farm entirely unaffected by this road, or if assigned in such mode as to be injured by the road, the fact that the heirs have received damages may be taken into account in making the assignment. The damages were clearly intended by the commissioners as a compensation to the owners of the land. The heirs are described in their report as unknown heirs. They could not undertake to adjust the equities between the fee and the contingent right of dower. They did all they could do by assessing the damages for the land, leaving the equities between the widow and heirs to be adjusted between themselves.

It is objected, that the damages were never reported to the town auditors, and that no provision was made for their payment. But there is no proof in the record on this point, and we can not presume, in support of a bill for an injunction against public officers, that they failed to perform the duties required of them by law. Some proof should have been made. The decree must be affirmed.

*Decree affirmed.*