(No. 14392.—Reversed in part and affirmed in part.)
THE PEOPLE ex rel. Robert H. Mater, County Collector,
Appellee, vs. WALTER L. Ross, Receiver, Appellant.

*Opinion filed February 22, 1922—Rehearing denied April 7, 1922.*

1. TAXES—*county must levy tax sufficient to pay principal and interest on road bonds authorized by vote.* Where road bonds have been authorized to be issued by a vote pursuant to the provisions of section 40 of the Counties act, the county board must levy an annual tax sufficient to pay the interest on the outstanding bonds and to pay the principal within twenty years from the time the bonds were issued.

2. SAME—*county tax rate cannot exceed fifty cents in absence of a vote.* Unless an additional tax has been specifically authorized by a vote of the people the county tax rate cannot exceed fifty cents on the $100 assessed valuation, and where county road bonds have been duly authorized but there has been no vote for an additional tax, the rate for all other county purposes must be reduced, if necessary, so that the rate for all county purposes shall not exceed fifty cents, including a rate sufficient to pay said bonds and interest.

3. SAME—*when act of 1921 to legalize county road bonds and additional tax does not apply.* The act of 1921, "to legalize and make valid county bonds and additional tax therefor, voted or attempted to be voted" for highway purposes, cannot be applied to validate a county tax in excess of the rate of fifty cents where no attempt has been made to vote an additional tax and where there is no question concerning the validity of bonds.

4. SAME—*when rate authorized for township hard roads tax cannot be reduced.* If the rate for a special hard roads tax authorized by the voters of a town prior to 1919 is within the limit of sixty-six and two-thirds cents fixed by the act of 1919 there is no authority for reducing it, and it is proper for the county clerk to extend it at the rate voted for.

APPEAL from the County Court of Vermilion county; the Hon. THOMAS A. GRAHAM, Judge, presiding.

H. M. STEELY, C. E. POPE, and H. F. DRIEMEYER, for appellant.

JOHN H. LEWMAN, State's Attorney, O. M. JONES, and A. R. HALL, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The county clerk of Vermilion county extended a tax rate of seventy-five cents on each $100 of assessed valuation of taxable property for county purposes. He testified that fifty cents was for general county purposes, twenty-one cents for the payment of the principal and interest of road bonds and four cents for the tuberculosis sanitarium fund. He also extended against the property of the town of Elwood taxes at the rate of forty cents for each $100 of assessed valuation as a special tax for hard roads. Appellant filed objections to the county tax in excess of the rate of fifty cents and to the town tax in excess of the rate of thirty-three and two-thirds cents. The county court sustained the objection to the county tax in so far as it applied to the tuberculosis sanitarium fund and overruled the objection to the county tax levied for general county purposes and for retirement of road bonds and the payment of interest on the same and overruled the objections to the town tax and entered judgment and order of sale against appellant's property in the county and the town. From this judgment this appeal is prosecuted.

Vermilion county has no outstanding indebtedness that existed at the time of the adoption of the constitution of 1870. The road bonds are valid and subsisting obligations of the county, (*Goodwine* v. *County of Vermilion,* 271 Ill. 126,) and the county board must levy an annual tax sufficient to pay the interest on the outstanding bonds and to pay the principal within twenty years from the time the bonds were issued. These bonds were authorized at the general election in November, 1914, pursuant to the provisions of section 40 of the County act. The question of levying an additional tax for the purpose of paying the interest on these bonds and of discharging the principal has never been submitted to the voters of Vermilion county, and therefore the county clerk of Vermilion county had no au-

thority to extend a tax in addition to the statutory limit. Every contention of appellee with respect to the validity of the excess of twenty-one cents levied for county purposes has been fully discussed and answered in *People* v. *Hoerr,* 294 Ill. 338, *People* v. *Chicago, Burlington and Quincy Railroad Co.* 295 id. 191, and *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 id. 214. We have stated there, positively and definitely, that taxes for county purposes cannot be extended at a rate exceeding fifty cents on each $100 of the assessed valuation of the property of the county unless an additional tax has been specifically authorized by a vote of the people of the county voting directly on the question. It appears from this record that it is necessary to extend a tax at the rate of twenty-one cents to pay the interest on the outstanding road bonds of Vermilion county and to discharge the principal now due. This limits the county to a tax rate of twenty-nine cents for all other county purposes unless the voters of the county authorize an additional tax. The county court erred in sustaining the county tax in excess of the rate of fifty cents on each $100 of assessed valuation. Appellant has paid the county tax for which he was legally liable.

It is further contended by the appellee that this excess county tax is made valid by "An act to legalize and make valid county bonds and additional tax therefor, voted or attempted to be voted, for the purpose of constructing and improving public highways of or in a county and to confer upon county boards full power and authority to issue any such bonds and to abate suits pending." (Laws of 1921, p. 391.) As we have said, there is no question of the validity of the Vermilion county road bonds, and no additional tax to pay these bonds has been voted or attempted to be voted. The act has no reference whatever to the question presented here.

In April, 1919, pursuant to the provisions of the Roads and Bridges act, the town of Elwood authorized a special

hard road tax to be extended against the property of the town annually for three years at a rate not to exceed forty cents on each $100 assessed valuation of all the taxable property in the town. At that time the basis of assessment for taxation was fixed by law at one-third the full value, and the statute authorized a rate not exceeding one dollar on each $100. In 1919 the legislature by acts which became effective July 1 changed the basis of assessment for taxes from one-third to one-half of the full value of property in the State, and reduced the rate which the voters of a town might authorize extended for hard road purposes from one dollar on each $100 of assessed valuation to sixty-six and two-thirds cents on each $100 of assessed valuation. It is contended by appellant that the general plan of the legislature was to reduce all existing tax rates one-third, and while he concedes that there is no express direction or authority in section 108 of the Roads and Bridges act, as amended in 1919, (Laws of 1919, p. 846,) to reduce the tax rate where it is not in excess of sixty-six and two-thirds cents on each $100 assessed valuation, he contends that such a construction should be placed on the act in order to make it conform to the general plan adopted by the legislature at that session. If the legislature desired a previously authorized special tax to be extended by the county clerk at a rate equal to two-thirds of the rate so authorized it could easily have made that provision. The rate of forty cents extended by the county clerk against the property of the town of Elwood is within the statutory limit, and the county clerk had no authority to extend a tax at a rate less than that authorized by the voters of the town. The county court properly overruled the objection to the town tax.

The judgment of the county court is reversed with respect to the excess county tax and is affirmed with respect to the town tax.

*Reversed in part and affirmed in part.*