(No. 19150.—

THE PEOPLE *ex rel.* John Small, County Collector, Appellant, *vs.* J. W. COOK, Appellee.

*Opinion filed October 19, 1929.*

W. W. WHEATLEY, and JACOB W. MYERS, for appellant.

MILEY & COMBE, for appellee.

Mr. Justice Duncan delivered the opinion of the court:

This is an appeal by the People, on the relation of John Small, county treasurer and *ex-officio* county collector for Saline county, Illinois, from a judgment of the county court of that county sustaining objections to a special highway tax of the town of Cottage.

On June 8, 1928, appellee, J. W. Cook, filed in the county court of Saline county written objections to the highway tax levied against his property in excess of the rate of 33⅓ cents on the $100 assessed valuation, after having paid the remainder of said tax against his property. The facts in the case are not controverted but are stipulated to be as follows: On April 5, 1927, the electors of the town of Cottage voted in favor of a proposition submitted to them under section 108 of the Road and Bridge act of 1913, to levy a tax of 66⅔ cents on each $100 assessed valuation of taxable property in said town for the period of five years, beginning with the year 1927 and ending with the year 1931, for the purpose of constructing and maintaining four certain gravel roads in the town. On June 18, 1927, the commissioner of highways of said town levied a tax of 66⅔ cents on the property of the town for the five years 1927 to 1931, both inclusive, as authorized by the vote aforesaid, and on the same date filed a certificate of such levy with the county clerk and caused a copy of such certificate and levy to be filed in the office of the town clerk of the town. On said levy the county clerk extended a tax of 66⅔ cents on each $100 assessed valuation of taxable property in the town of Cottage, including the property of appellee, for the year 1927. The county court held that 33⅓ cents on the $100 assessed valuation was legal and that the other 33⅓ cents of tax on every $100 assessed valuation was illegal.

Prior to the taking effect of the act amending section 108 of the Road and Bridge act, approved July 7, 1927, a spe-

cial township tax not in excess of 66⅔ cents on the $100 assessed valuation of property for any number of years not more than five could be authorized by a vote of the legal voters of any town or road district for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads. The General Assembly of 1927 changed the basis for the assessment of property from one-half the cash value to the full cash value, and, to limit the amount of taxes collectible in certain instances to the same amounts that were collectible prior to 1927, passed numerous acts reducing certain rates of taxes theretofore authorized. Among the acts passed was the amendatory act approved July 7, 1927, amending sections 108 and 126 of the Road and Bridge act. (Laws of 1927, p. 753.) Section 108 of that act as amended reads as follows:

"Sec. 108. On the petition of twenty-five per cent of the land owners who are legal voters of any township to the town clerk thereof in counties under township organization or road districts in counties under township organization, to the district clerk he shall, when giving notice of the time and place for holding the next annual town meeting or road district election, also give notice that a vote will be taken at said election or meeting for or against an annual tax not to exceed thirty-three and one-third (33⅓) cents on each one hundred dollars assessed valuation of all the taxable property, including railroads, in the township or road district, for the purpose of constructing and maintaining gravel, rock, macadam, or other hard roads, or for improving, maintaining or repairing earth roads by draining, grading, oil-treating or dragging. Said petition shall state the location and route of the proposed road or roads, and shall also state the annual rate per cent not exceeding thirty-three and one-third (33⅓) cents on each one hundred dollars and the number of years not exceeding five, for which said tax shall be levied. If in any such petition a special election shall be requested for such purposes it

shall be called in the manner provided for calling special elections in section 112 of this act."

Section 126 of that act contains the following provisions:

"Sec. 126. The several county boards * * * are also vested with the same powers for constructing, repairing and maintaining roads in their respective counties, as the commissioners of highways, acting severally or together, or with the several county superintendents of highways, according to the provisions of this act. The county board of any county may also assist any town or road district in such county in the construction of roads, under the provisions of this act, to the extent of twenty-five per cent of the cost thereof: *Provided, however,* that the question of raising a special road tax or of issuing bonds for the purposes set forth in this act shall first be submitted to the legal voters of the county, at any regular election for county officers, or at a special election which the county board is hereby authorized to call for such purpose, on the petition of one hundred land owners who are legal voters in said county, to the county clerk, previous to time for posting the notices of a regular or of a special election; said petition and notices, if for a special road tax, shall designate the road or roads to be improved, or the town or towns or the road district or road districts to be assisted, the annual rate per cent not exceeding sixteen and two-thirds (16⅔) cents on each one hundred dollars assessed value, the number of years, not exceeding five, for which such tax shall be levied, and said petition and notices, if for the issue of bonds, shall designate the amount of bonds to be issued, the rate of interest thereon, and the number of annual series thereof not less than five nor more than twenty from the date of issue: *Provided,* that wherever such tax shall have been authorized previous to July 1, 1927, the county clerk shall extend the same at a rate of one-half of the rate so authorized. All elections hereunder shall be

called and held and returns made in substantially the manner provided for under the general election laws of this State."

By the amendatory act the rate of tax that could be authorized by a vote of the people of a town, under section 108, was changed from 66⅔ cents to 33⅓ cents on the $100 assessed valuation. The amendment to section 126 changed the rate of special tax for highway purposes in counties that might be authorized by a vote of the people, from 33⅓ cents to 16⅔ cents on the $100 assessed valuation, with the proviso "that wherever such tax shall have been authorized previous to July 1, 1927, the county clerk shall extend the same at a rate of one-half of the rate so authorized." Those provisions in section 126 had reference solely to the power of counties to construct, repair and maintain roads in such counties and to assist towns or road districts in such counties in the construction of roads in towns or road districts, and such provisions were not intended to apply to or in any way modify the powers of townships in counties under township organization, or road districts in such counties, to vote a special tax to construct and maintain gravel, rock, macadam or other hard roads in such townships or road districts, as provided for in section 108.

Appellee's position in this case is that the acts passed by the General Assembly of 1927 changing the basis of assessment of property from one-half value to full value and reducing the rates of taxes authorized in the various taxing bodies, taken together, show the general intention of the legislature to have been merely to enlarge the power of · various taxing bodies in the State to incur indebtedness, and not to increase or permit to be increased the amounts to be raised by taxation; and this is, without doubt, true as a general proposition. (*People* v. *Board of Review,* 290 Ill. 467.) It does not follow, however, that it was the intention of the legislature in all specific instances to not in-

crease the amount of revenue to be raised by taxation by said enactments. In the act amending sections 108 and 126 of the Road and Bridge act there is no expressed intention to reduce the amount that might be raised for 1927 under a levy made before that amendatory act went into effect pursuant to authority of a vote of the people in any township or road district under township organization before that act became effective. Appellee contends that the proviso in amended section 126 expresses that intention. With this contention we cannot agree, and we have, in effect, held otherwise in *People* v. *Ross,* 302 Ill. 328. In 1919 the General Assembly changed the basis of assessment from one-third to one-half the full value of all assessable property and passed an act amending sections 108 and 126 of the Road and Bridge act (Laws of 1919, p. 846,) by reducing the rates of taxation that could be authorized under those sections and attached a proviso to amended section 126 that "wherever such tax shall have been authorized previous to July 1, 1919, the county clerk shall extend the same at a rate of two-thirds of the rate so authorized." Section 108 as amended in July, 1927, has exactly the same language as is found in that section as amended in 1919, with the exception that in the amendment of 1927 the rate specified in that section is "not to exceed thirty-three and one-third (33⅓) cents," while in the amendment of 1919 the rate is "not to exceed sixty-six and two-thirds (66⅔) cents." The provisions of section 126 as amended in 1927, as above set forth, are the same in every particular as are the provisions of section 126 as amended in 1919, except that in the first proviso in the amendment of 1927 the annual rate per cent is, "not exceeding sixteen and two-thirds (16⅔) cents," while in the amendment of that section in 1919 it is, "not exceeding thirty-three and one-third (33⅓) cents," and in the second proviso of the amendment of 1927 the date is July 1, 1927, while the date in the proviso of that section as amended in 1919 is July 1,

1919. In the *Ross case, supra,* it was held that the proviso to section 126 would not authorize the county clerk to extend a special tax authorized before July 1, 1919, under section 108, at a rate less than that authorized by the voters of the town previous to July 1, 1919. It is true, as pointed out by appellee, that in the *Ross case* the rate authorized by vote under section 108 prior to July 1, 1919, was within the rate authorized to be voted under section 108 as amended in 1919, but, nevertheless, it was held that the proviso attached to section 126 was not applicable to taxes theretofore authorized under section 108.

This case differs from the *Ross case* only in the fact that the rate authorized by the vote in the town of Cottage in April, 1927, is not within the limit that might be authorized under section 108 as amended by the act approved July 7, 1927. It is to be noted that the levy of the tax objected to in this case was made on June 18, 1927, prior to the passage of the amendatory act approved July 7, 1927. The validity of a tax is to be determined as of the time it is levied, and it is the rate authorized at the time the levy is made, and not the rate permitted at the time the taxes are extended, that controls. (*People v. New York, Chicago and St. Louis Railroad Co.* 316 Ill. 452; *People v. Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* id. 410.) At the time the levy of the tax objected to was made such tax was authorized to be levied and extended at the rate at which it was extended, and the county clerk would not have been justified in extending it at a lower rate. *People v. Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 327; *People v. Chicago and Eastern Illinois Railroad Co.* 248 id. 118; *People v. Cairo, Vincennes and Chicago Railway Co.* 249 id. 53.

The judgment of the county court is reversed and the cause is remanded, with directions to overrule the objections.

*Reversed and remanded.*