(No. 20505.—

THE PEOPLE *ex rel.* B. A. Orrison, County Collector, Appellant, *vs.* THE WABASH RAILWAY COMPANY, Appellee.

*Opinion filed June 18, 1931.*

ROBERT P. SHONKWILER, State's Attorney, and CARL S. REED, for appellant.

L. H. Strasser, F. M. Shonkwiler, and C. W. Firke, for appellee.

Mr. Commissioner Edmunds reported this opinion:

B. A. Orrison, county collector of Piatt county, made application in the county court of Piatt county for judgment against lands and property for delinquent taxes for the year 1929. The Wabash Railway Company, appellee, filed objection to part of the special road taxes assessed against its property in the town of Bement, in that county. From a judgment sustaining the objection the collector has appealed.

At the annual town election held in the town of Bement on April 5, 1927, a vote was taken upon the proposition of levying each year for a period of five years an annual tax of thirty-five cents on each $100 assessed valuation in the town of Bement under the provisions of section 108 of the Road and Bridge act, which at that time permitted a levy of sixty-six and two-thirds cents on each $100 assessed valuation. (Cahill's Stat. 1925, chap. 121, par. 117.) A majority of the votes cast was in favor of the proposition, and on April 28, 1927, the town clerk filed a certificate of the proposition, and the vote thereon, in the office of the county clerk. By amendment effective in July, 1927, the previously prescribed maximum rate of sixty-six and two-thirds cents on each $100 valuation was reduced to thirty-three and one-third cents on each $100 valuation. (Cahill's Stat. 1929, chap. 121, par. 117.) Appellee's objection was upon the ground that the thirty-five cent rate extended for the year 1929 was in excess of that thus permitted by statute, and that to the amount of its excess it was consequently void. To support this objection, when the matter came on for hearing appellee introduced in evidence a certificate filed by the town highway commissioner in the office of the county clerk on September 3, 1929, which certificate re-

ferred to the election of April 5, 1927, and purported to levy thereunder a tax for the year 1929 at the thirty-five cent rate.

It is well established that the validity of a tax is to be determined as of the time it is levied, and it is the rate authorized at the time the levy is made, and not the rate permitted at the time the taxes are extended, that controls. (*People* v. *Chicago and Northwestern Railway Co.* 340 Ill. 102.) Pursuant to this principle it was held in *People* v. *Cook,* 336 Ill. 330, that where a township road tax of sixty-six and two-thirds cents was voted and levied prior to July 1, 1927, the tax should be extended at that rate for the year 1927, notwithstanding the reduction in rate prescribed by the amendment to which reference has been made above. That decision must be held to be controlling here. The objection should not have been sustained.

Appellee insists that under the authority of *Shaver* v. *Town of Elkhorn Grove,* 275 Ill. 141, *People* v. *Illinois Central Railroad Co.* 295 id. 408, and other cases cited, no proper levy was here made before the amendment went into effect, stressing the fact that the only levy shown of record is the one purporting to have been made September 3, 1929. The cases cited lay down the rule that under section 110 of the Road and Bridge act (Cahill's Stat. 1929, chap. 121, par. 119,) it is the duty of the town highway commissioner to levy and certify the tax authorized by the election; that certification by the town clerk furnishes no legal authority for extending the tax, and that the levy must be certified by the highway commissioner for the full period authorized by the election. If it were disclosed by the present record that the town highway commissioner had not, in fact, duly levied and certified the tax prior to the date when the amendment to section 108 became effective, the holdings of these cases would be directly applicable. The record, however, discloses no such state of affairs, and appellee overlooks the settled doctrine of this court that anyone objecting to

the enforcement of a tax assumes the burden of showing its invalidity. The presumption is that the tax is just—that all officers who have had any official connection with it have properly discharged their duties. (*People* v. *Keener,* 194 Ill. 16; *Durham* v. *People,* 67 id. 414; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 314 id. 378.) Certainly we cannot, on appeal, presume that public officers have failed to perform the duties required of them by law. (*Todemier* v. *Aspinwall,* 43 Ill. 401.) In *People* v. *Wabash Railway Co.* 339 Ill. 130, the objector offered no evidence but the collector introduced a number of exhibits. Referring to them we said: "There was no evidence that they were filed in the office of the county clerk or that they were the certificates upon which the taxes were extended. If they were so filed and were insufficient to authorize the extension and collection of the tax the evidence does not show that other sufficient certificates were not filed upon which the taxes were extended. The collector's list and proof of notice of the application for judgment make out a *prima facie* case. It was unnecessary for the collector to introduce any other evidence. The burden of sustaining objections not appearing on the face of the delinquent list by affirmative proof is upon the objector." In the present case it was stipulated that a *prima facie* case was made by the collector. The evidence does not show that a certificate sufficient to sustain the tax objected to was not duly filed, and it follows that the order sustaining the objection was in error.

The judgment of the county court is reversed and the cause is remanded, with directions to overrule the objection.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*