THE PEOPLE *ex rel.* CHRISSIE E. MARTIN, County Treasurer and *ex officio* Collector of Taxes of Ogle County, Plaintiff-Appellee, v. COMMONWEALTH EDISON COMPANY, Defendant-Appellant.

Second District No. 2—96—0107

Opinion filed January 17, 1997.

Alan W. Cargerman, of Fearer, Nye, Ahlberg & Chadwick, of Oregon, for appellant.

Douglas P. Folski, State's Attorney, of Oregon, and Heidi A. Katz, of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Commonwealth Edison Company (ComEd), appeals from the trial court's overruling of its objection to plaintiff's, Chrissie Martin's, the *ex officio* collector of taxes of Ogle County, application for judgment on Ogle County's 1991 real estate taxes. Specifically, ComEd is challenging the validity of Ogle County's 1991 aggregate tax levy (the levy) under section 156 of the Revenue Act of 1939 (the Act) (Ill. Rev. Stat. 1991, ch. 120, par. 637 (now 35 ILCS 200/18—10 (West 1994))). We affirm.

The following facts are undisputed. The Ogle County Board (board) met on September 17, October 15, and November 19, 1991, in order to adopt the 1991 levy. The following are relevant excerpts from the recorded minutes of each of those meetings:

"*September 17, 1991*
At 10:25 AM Rebecca Huntley moves to recess until October 15th at 9:00 AM

* * *

*October 15, 1991*

Chairman Daws calls the meeting to order at 9:20 AM. Gerald Haye moves to adjourn the September meeting. Frank Danekas seconds and the motion carries on a voice vote

* * *

At 12:30 PM, Ralph Hoekstra moves to recess until Tuesday, November 19, 1991 at 9 AM

* * *

*November 19, 1991*

At 9:20 AM Chairman Daws calls the regular meeting to order. Jerry Hay [*sic*] moves to adjourn the October board meeting."

During the November 19 meeting, the board adopted the 1991 county budget and levy. ComEd paid its 1991 real estate taxes under protest and on November 5, 1992, filed objections to plaintiff's application for judgment on the 1991 real estate taxes. ComEd made several objections. However, only objection 1(A) is at issue in this appeal.

ComEd's objection 1(A) stated that the county's 1991 tax levy was not approved at the September board meeting, or any adjourned session thereof, as required by section 156 of the Act. See *People ex rel. Lunn v. Chicago Title & Trust Co.*, 409 Ill. 505, 515-16 (1951); Ill. Rev. Stat. 1991, ch. 120, par. 637. According to ComEd, while the September session was adjourned to October, it was not adjourned to November. The board erred because the minutes did not reflect a vote to recess or adjourn the October meeting, thereby continuing the September session to November. Thus, the levy, when adopted at the November meeting, was void because it was not adopted at the annual September session or any adjourned session thereof.

On September 23, 1994, the trial court granted plaintiff's motion to overrule ComEd's objection 1(A). The case was later reassigned to a different judge, who incorporated the previous decision and ruled in favor of plaintiff on January 23, 1996. ComEd thereafter filed this appeal.

ComEd's only contention on appeal is that, because the Ogle County Board did not pass the 1991 tax levy at its annual September session, the levy is void for noncompliance with the meeting requirements of the Act. In response, plaintiff first argues that, because the levy was adopted at a regular meeting of the board and timely certified to the county clerk, it is valid under the Act. In the alternative, plaintiff argues that, even if the board erred in complying with the Act's meeting requirements, its actions do not require the invalidation of the 1991 levy.

In a tax objection case, the objector, ComEd in this case,

bears the burden of proving facts to sustain its objection because it is presumed that assessed taxes are legal. See *In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989*, 167 Ill. 2d 161, 166 (1995). ComEd challenges the board's actions under section 156 of the Act (Ill. Rev. Stat. 1991, ch. 120, par. 637 (now 35 ILCS 200/18—10 (West 1994))). At the time of the board's actions, section 156 stated in pertinent part:

> "The county board of the respective counties containing less than 1,000,000 inhabitants shall, *annually, at the September session*, determine the amount of all county taxes to be raised for all purposes. *** All counties shall annually on or before the last Tuesday in December certify to the county clerk the amounts that they require to be raised by taxation." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 120, par. 637.

■ The determination of "all county taxes to be raised for all purposes" constitutes the county levy. *In re Application for Judgment*, 167 Ill. 2d at 172. Once the levy is presented for filing to the county clerk, "the act of levying by the local governmental unit is complete." *In re Application for Judgment*, 167 Ill. 2d at 172. Importantly, "no error or informality in the proceedings of any of the officers connected with the assessment, levying or collection of the taxes, *not affecting the substantial justice of the tax itself*, shall vitiate or in any manner affect the tax or the assessment thereof." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 120, par. 716 (now 35 ILCS 200/21—185 (West 1994)).

■ In this case, we must first determine whether the Ogle County Board adopted the levy at the September meeting or any adjourned session thereof. See *Lunn*, 409 Ill. at 516. The board meeting minutes demonstrate that on September 17, 1991, a motion was made to recess until October 15. While there is no evidence in the record that a vote was taken on that motion, the annual September session was recessed until October 15. On October 15, the September session was formally adjourned after a motion and a voice vote. Later, a motion was made to recess the October meeting until November 19. However, the record demonstrates that the motion was never voted upon. The absence of a vote to continue the October session to November means that the September session was not properly adjourned until November. On November 19, a motion to adjourn the October meeting was made but never acted upon. The board then adopted the Ogle County levy at the November 19 meeting.

Thus, the levy was not approved at the September session or any adjourned session thereof. The September session was formally terminated on October 15 without being adjourned past that date,

and the levy was adopted on November 19. There was, therefore, an error in the levying process because section 156 was violated. See Ill. Rev. Stat. 1991, ch. 120, par. 637. However, because of the obvious and strong public policy against invalidating otherwise valid tax levies, not every procedural or parliamentary error is cause to invalidate a levy. See Ill. Rev. Stat. 1991, ch. 120, par. 716. Accordingly, we must next determine whether that error affected the substantial justice of the levy and thereby vitiated it. See Ill. Rev. Stat. 1991, ch. 120, par. 716.

It is well established that, when examining errors that could possibly affect the substantial justice of a levy, courts liberally construe the Act's provisions in order to respect the legislature's intent. See *People ex rel. Brockamp v. Brown*, 261 Ill. 73, 77 (1913). For example, courts have disregarded procedural errors in a variety of situations where there has been an attempt to comply with the law and substantial justice was not affected by the otherwise valid levy. See, *e.g., Michigan Central R.R. Co. v. Carr*, 303 Ill. 354, 361 (1922) (property assessed in incorrect name does not affect substantial justice of tax); *Cincinnati, Indianapolis & Western Ry. Co. v. People ex rel. Myers*, 206 Ill. 565, 569-71 (1903) (parol evidence allowed to amend the record of proceedings so as to not vitiate levy).

In this case, we fail to see how the board's parliamentary error of not properly adjourning its September session has affected the substantial justice of the levy. ComEd does not argue that the board's November meeting was invalid or that the provisions of the levy are illegal. In fact, as the trial court noted, ComEd does not argue that it was prejudiced in any way by the board's actions. Accord *People ex rel. Kucharski v. McGovern*, 42 Ill. 2d 119, 124 (1969) (objection to a levy should disclose injury caused by levying process). The levy was presented to the county clerk "on or before the last Tuesday in December," thereby preserving ComEd's, and all other Ogle County taxpayers', right to be informed of the tax system imposed. See Ill. Rev. Stat. 1991, ch. 120, par. 637; Ill. Rev. Stat. 1991, ch. 120, par. 638 (now 35 ILCS 200/18—15 (West 1994)). While we certainly do not condone errors, parliamentary or otherwise, that arise during the tax levying process, we recognize that some mistakes will occur in such a complicated governmental function. In this case, there is no evidence in the record that the board was not attempting to comply with the law. Additionally, there is a strong legislative preference in favor of upholding levies that are otherwise legal but for a parliamentary or procedural error. Thus, we find that the board's error did not affect the substantial justice of Ogle County's 1991 tax levy. Accordingly, the levy is valid.

194

We briefly note that ComEd's reliance on *People ex rel. Dooley v. New York, Chicago & St. Louis R.R. Co.*, 368 Ill. 536 (1938), is misplaced. In *Dooley*, the McLean County Board met twice in September 1935 without passing the county's 1935 levy. The second September meeting was adjourned " 'subject to the call of the chairman.' " *Dooley*, 368 Ill. at 538. The board reassembled on November 26 at the chairman's call and adopted the levy. However, the court held that the levy was invalid because the chairman did not have·the statutory authority to call a meeting on his own. *Dooley*, 368 Ill. at 539. Rather, the meeting could only be called by a request of at least one-third of the board's members. Accordingly, the levy was illegal because the November 26 meeting was itself illegal. Here, in contrast, all of the board's meetings in this case were legal. ComEd does not, and cannot, argue that, had the board's November actions occurred at the September meeting, the levy would still be invalid. ComEd's only argument concerned whether the levy was passed at the "September session," or any adjourned session thereof. Thus, ComEd's argument is unpersuasive.

For the foregoing reasons, the judgment of the circuit court of Ogle County is affirmed.

Affirmed.

GEIGER, P.J., and RATHJE, J., concur.