E.L. KAPLAN TRUCKING COMPANY, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Stephen Hudson, Appellee).

First District (Industrial Commission Division) No. 1—88—3554WC

Opinion filed March 16, 1990.

Jobin & Flynn, of Chicago, for appellant.

Sherman & Gray, of Chicago (Thayne D. Gray and Eugene T. Sherman, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Claimant, Stephen Hudson, brought an action under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) seeking to recover temporary total disability benefits and medical expenses for injuries which he sustained while employed by respondent, E.L. Kaplan Trucking Company. Following a proceeding pursuant to section 19(b—1) of the Act, the arbitrator awarded claimant temporary total disability benefits in the sum or $158.87 per week for a period of 34³/₇ weeks and medical expenses in the sum of $315. The arbitrator's findings and award were upheld by the Industrial Commission (Commission), and the circuit court of Cook County confirmed the decision of the Commission. Kaplan appeals, contending that the benefits were improperly awarded because claimant failed to establish that he was currently unable to work at the time he filed his petition for an expedited hearing under section 19(b—1).

On July 14,1986, claimant was employed by Kaplan and was assigned to a parking lot repair project. Claimant sustained a back injury while lifting a car stop. He took some pain medication and finished the work day. Later that evening, he sought medical attention at Glenbrook Hospital. He was examined, given pain medication and muscle relaxants, and was told not to work for five to seven days. Claimant returned to work on July 18. That same day, he reinjured his back. On July 18, Kaplan terminated claimant's employment.

Claimant was examined after reinjuring his back. His physician prescribed medications and advised claimant not to work. Claimant received treatment from his physician nine times during the period from August 1986 to March 1987. He attempted to return to work in August, September and November 1986, but was unable to do so because of continuing back problems. In mid-March 1987, claimant was released to work by his doctor but was told to avoid heavy lifting.

Claimant filed his application for adjustment of claim on January 30, 1987, and filed his petition for immediate hearing under section 19(b—1) on June 23, 1987. The section 12(b—1) hearing was held on August 5 and 12, 1987.

Kaplan contends that the Commission erred in allowing this matter to be heard on an expedited basis because claimant failed to present any evidence that at the time of the hearing claimant was

temporarily totally disabled. Kaplan maintains that under both the requirements of section 19(b—1) and the rules of the Commission, claimant must provide evidence of a current inability to work.

■ Section 19(b—1) was added to the Act in 1983 (Pub. Act 83—1051, eff. July 1, 1984 (amending Ill. Rev. Stat. 1983, ch. 48, par. 138.19)), and provides in pertinent part as follows:

> "(b—1) If the employee is not receiving medical, surgical or hospital services as provided in paragraph (a) of Section 8 or compensation as provided in paragraph (b) of Section 8, the employee, in accordance with Commission Rules, may file a petition for an emergency hearing by an Arbitrator on the issue of whether or not he is entitled to receive payment of such compensation or services as provided therein. Such petition shall have priority over all other petitions and shall be heard by the Arbitrator and Commission with all convenient speed.

> Such petition *shall* contain the following information and shall be served on the employer at least 15 days before it is filed:

> \* \* \*

> (x) a copy of a signed report by a medical practitioner, relating to the employee's *current inability* to return to work \*\*\* or such other documents or affidavits which show that the employee is entitled to receive compensation \*\*\*. Such reports, documents or affidavits shall state, if possible, the history of the accident given by the employee, and describe the injury and medical diagnosis, the medical services for such injury which the employee has received and is receiving, the physical activities which the employee *cannot currently perform* as a result of any impairment or disability due to such injury, and the prognosis for recovery." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(b—1).)

The rules of the Commission provide that a claimant may file a section 19(b—1) petition if

> "A) he *is* unable to work because of a disability compensable under the Illinois Workers' Compensation Act \*\*\* and B) he is not receiving temporary total disability [and] or medical, surgical, or hospital benefits to which [he] is entitled under Section 8(b) or 8(a) of the [Workers' Compensation] Act." (Emphasis added.) (50 Ill. Adm. Code §7020.80(b)(1) (1985).)

Thus, both the Act and the rules require that a claimant show a present or "current inability" to work in order to be entitled to the emergency and expedited benefits of section 19(b—1). See *Illinois*

*Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 381 N.E.2d 222 (the language of a statute is to be given its plain and ordinary meaning).

 Here, claimant failed to show a current inability to work and, in fact, presented evidence that he was working at the time he filed his section 19(b—1) petition. Claimant argues, however, that a current inability to work is not a prerequisite for a section 19(b—1) determination. Rather, claimant maintains that section 19(b—1) requires only that the petitioner not be receiving medical, surgical or hospital services as provided in section 8(a) or compensation as provided in section 8(b) of the Act.

It is true that in order to be entitled to a section 19(b—1) hearing, a claimant must not be receiving benefits as provided for in section 8(a) or section 8(b) of the Act. (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(b—1).) Nonetheless, this requirement is merely a threshold inquiry. Section 19(b—1) specifically delineates 13 items which "shall" be included in the petition. (Ill. Rev. Stat. 1987, ch. 48, pars. 138.19(b—1)(i) through (xiii).) The language of the statute is mandatory, not discretionary. More significantly, the language of the statute is unambiguous and, in our view, is to be given its ordinary meaning.

Our conclusion is consistent with the Commission's rules, which specifically provide that a claimant may apply for section 19(b—1) relief if that claimant "is unable to work" because of disability. (50 Ill. Adm. Code §7010.80(b)(1) (1985).) Moreover, our conclusion is consistent with the legislative history surrounding the adoption of section 19(b—1). The house debates on the amendment adopting that section specifically indicate that the section is intended to address those situations in which an employer is not paying temporary total disability payments and the claimant *cannot return to work.* (83d Ill. Gen. Assem., House Proceedings, June 16, 1983, at 36.) Thus when a claimant is able to work, the benefits of the expedited proceedings under section 19(b—1) are not available to him. Accordingly, in our judgment, claimant does not meet the requirements of section 19(b—1), and the Commission improperly heard his petition.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

BARRY, P.J., and WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.