WHITNEY PRODUCTIONS, INC., Appellant, v. THE INDUSTRIAL COM-MISSION *et al.* (John Sodora, Appellee).

Second District (Industrial Commission Division)   No. 2—94—1390WC

Opinion filed July 26, 1995.

Dale W. Bruckner, of Peregrine, Stime, Newman, Ritzman & Bruckner, Ltd., of Wheaton, for appellant.

Kevin H. Millon, of Gabric, Millon & Ory, Chartered, of Wheaton, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, John Sodora, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1992)) for injuries suffered to his right hand on October 12, 1992, while in the employ of Whitney Productions, Inc. (employer). The arbitrator awarded claimant 23$^6$/$_7$ weeks of temporary total disability compensation for the period of October 29, 1992, through April 14, 1993. On review, the Industrial Commission (Commission) affirmed the arbitrator's decision, and the circuit court of Du Page County confirmed the Commission's decision. Employer appeals raising as a question of law whether claimant is entitled to temporary total disability benefits when the injury he received permitted him to continue to perform his regular job duties but his employment was terminated for reasons unrelated to the accident.

Claimant was injured on October 12, 1992, while working as a warehouse manager for employer when a metal deck plate fell onto his right hand. Claimant's hand immediately went numb and began to swell. Claimant was able to finish his shift and work the week following his injury although the condition of his hand did not improve. Claimant's job duties consisted of supervising employees, handling bills of lading, walking the docks, contacting truck drivers, ensuring employees were working, and checking orders. When needed, claimant also swept floors, loaded trucks by hand, and drove a forklift to stack pallets and unload trucks. With the injury to his hand, claimant was not able to perform these latter tasks. At the end of the week, claimant was laid off for reasons unrelated to his injury. Claimant applied for unemployment compensation the day after he was laid off and began searching for employment as a warehouse or shipping and receiving manager.

Claimant first sought medical treatment on October 29, 1992, from Dr. Raymond Santucci, an orthopedic surgeon. X rays revealed

a linear fracture of the fifth metacarpal with three degrees of volar angulation. Conservative treatment was recommended, and claimant's work activities were restricted to light duty with no lifting over 25 pounds.

On January 20, 1993, Dr. Santucci referred claimant to Dr. Sidney Blair. Dr. Blair opined claimant had inflammation of the metacarpal phalangeal joints and irritation of the tendon over the top of the metacarpal. Dr. Blair recommended a splint. Dr. Santucci agreed and prescribed no work. Because claimant still experienced tenderness along the tendon, Dr. Santucci injected the metacarpal phalangeal joint on February 24, 1993, with an anti-inflammatory and analgesic. His diagnosis as of the date of the arbitration hearing was a healed fracture of the fifth metacarpal with inflammation of the tenosynovium of the extensor tendon over the fifth metacarpal. While Dr. Santucci agreed claimant could return to work, he further stated claimant still was restricted to no heavy lifting. Dr. Santucci conceded the restrictions placed on claimant would not preclude him from supervising or doing one-handed work. Dr. Santucci also opined claimant would not suffer any permanent impairment as a result of the injury, even though he had not yet reached a state of maximum medical improvement.

■ Contrary to employer's contention, what we are presented with here is a question of fact, namely, was claimant able to work. Whether a claimant is entitled to compensation for temporary total disability generally is a question of fact, and we as a reviewing court are not to disturb the findings of the Commission unless such findings are contrary to the manifest weight of the evidence. (See *Hayden v. Industrial Comm'n* (1991), 214 Ill. App. 3d 749, 754, 574 N.E.2d 99, 102; *Burrgess v. Industrial Comm'n* (1988), 169 Ill. App. 3d 670, 675, 523 N.E.2d 1029, 1032.) We cannot say the Commission's determination in this instance is against the manifest weight of the evidence.

■■ Temporary total disability is to be awarded for the period of time from when an injury incapacitates an employee to the date the employee's condition has stabilized or the employee has recovered as far as the character of the injury will permit. (*Christman v. Industrial Comm'n* (1989), 180 Ill. App. 3d 876, 880-81, 536 N.E.2d 773, 776; *Burrgess*, 169 Ill. App. 3d at 675, 523 N.E.2d at 1033.) An award for temporary total disability is justified even though the incapacity does not immediately follow an injury as long as the incapacity is directly traceable to, and the result of, the injury. (*Gust K. Newberg Construction v. Industrial Comm'n* (1992), 230 Ill. App. 3d 96, 111, 594 N.E.2d 758, 768; *Christman*, 180 Ill. App. 3d at 881, 536 N.E.2d at 775.) An employee should not be denied compensation merely because he at-

tempted to work as long as he could after the injury. (*Newberg*, 230 Ill. App. 3d at 111, 594 N.E.2d at 768; *Christman*, 180 Ill. App. 3d at 881, 536 N.E.2d at 776.) Additionally, the fact that the employee is no longer receiving medical treatment or that he has the ability to do light work does not necessarily preclude a finding of temporary total disability. (*Rambert v. Industrial Comm'n* (1985), 133 Ill. App. 3d 895, 903, 477 N.E.2d 1364, 1370.) Here claimant worked from the date of his accident until he was laid off. During this time, the condition of claimant's hand necessitated the modification of his working habits. Claimant no longer could operate a forklift, lift boxes, or load trucks. And, once he sought medical treatment, claimant was either restricted to light duty work or to not working at all. Throughout the entire period, claimant continued to experience pain and swelling in his hand and had limited gripping ability. Such evidence clearly supports the Commission's decision. The fact that other inferences could also be drawn from the evidence does not matter. We are not to disregard permissible inferences drawn by the Commission merely because other inferences might also have been drawn. (*Burrgess*, 169 Ill. App. 3d at 676, 523 N.E.2d at 1033.) The purpose of the Act is to provide compensation for injuries suffered by employees in the course of their employment. (*Christman*, 180 Ill. App. 3d at 881-82, 536 N.E.2d at 776.) That compensation is directed at the actual loss occasioned by the injury. The fact that any incapacity occurs at a time when the employee, for some other reason, is not receiving wages is not relevant provided the incapacity can be traced to a work-related injury. (180 Ill. App. 3d at 882, 536 N.E.2d at 776.) Such is the case here. Accordingly, we see no reason to reverse the decision of the Commission awarding claimant benefits.

For the aforementioned reasons, the judgment of the circuit court of Du Page County confirming the decision of the Industrial Commission is affirmed.

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI, COLWELL and HOLD-RIDGE, JJ., concur.