536

SUN CHOI, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*
(Ravenswood Hospital *et al.*, Appellees).

First District (Industrial Commission Division)   No. 1—95—2233WC

Opinion filed August 16, 1996.—Modified on denial of rehearing
February 18, 1997.

RARICK, J., dissenting, joined by COLWELL, J.

Kaplan & Sorosky, Ltd., of Chicago (Joseph A. Zwick and James L. Kaplan, of counsel), for appellant.

Aries & Purmal, of Chicago (Stuart M. Pellish and Paula K. Lee, of counsel), for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, Sun Choi, filed a petition for immediate hearing pursuant to section 19(b—1) of the Illinois Workers' Compensation Act (Act) (820 ILCS 305/19(b—1) (West 1992)) for injuries sustained during the course of her employment with respondent Ravenswood Hospital. The arbitrator awarded claimant the relief sought. On review, however, the Illinois Industrial Commission (Commission) reversed the arbitrator on the grounds the Commission lacked jurisdiction. The circuit court confirmed the decision of the Commission.

The sole issue presented on appeal is whether claimant met the requirements of section 19(b—1) of the Act. Although the circuit court and Commission referred to the "jurisdiction" of the Commission, this case does not deal with the general authority of the Commission to process claimant's claim. Instead, it deals with the authority of the Commission to provide a particular statutory remedy. We affirm.

On August 31, 1987, claimant sustained injuries while attempting to lift a heavy, comatose patient in the respondent's intensive care unit. Claimant attempted to do light-duty work thereafter, but the pain did not abate. The arbitrator found that on January 14, 1992, with no subsequent accidental injury, claimant's pain became exacerbated. Claimant has not worked since January 16, 1992.

On August 5, 1992, claimant filed a petition for immediate hearing pursuant to section 19(b—1) of the Act. Although the section 19(b—1) petition directed the reader to "See attached" in a number of locations, no attachments to the petition are disclosed in the record. On August 24, 1992, respondent filed a response to the petition for immediate hearing. Attached to the response was a January 22, 1992, note from the office of claimant's treating orthopedic surgeons that claimant may resume her previous duties on January 29, 1992. Also attached was an October 24, 1991, report of Dr. Leonard Smith concluding that claimant could return to her usual and customary duties as a nurse with lifting and carrying confined to 30 pounds.

Subsequently, petitioner requested to withdraw the petition for immediate hearing, and the order allowing withdrawal was executed September 3, 1992. At the time of the withdrawal, it was stipulated that claimant need not renotify respondent of an intent to refile the petition and need not reattach reports, records, documents and affidavits attached to the original petition provided that the petition was refiled on September 22, 1992.

On or about February 3, 1993, another petition for immediate hearing was filed. No reports were attached to that pleading, and it was permitted to be withdrawn on May 11, 1993, with the stipulation that it may be refiled on June 23, 1993. In the meantime, the arbitrator had conducted the section 19(b—1) hearing beginning on March 30 and ending June 30, 1993. At the end of the arbitration hearing, the arbitrator and the parties agreed that there had been a refiling, withdrawal, and refiling of the petition. At the hearing, claimant submitted into evidence several reports and documents relating to her medical condition and ability to work. At one point in the proceeding, there was an objection that the documents claimant was seeking to admit were not attached to the section 19(b—1) petition filed with the Commission. Claimant's attorney alluded to an agreement between the parties' attorneys that the documents need not be attached, and respondent's attorney seemed to agree with that statement to the extent the documents had been served on respondent.

At the time of admitting it into evidence, one document which claimant's attorney said had been attached to the original section 19(b—1) petition was a protest dated July 31, 1992, from respondent

to the Illinois Department of Employment Security stating claimant had not yet been released to return to full-time duty without restrictions. According to claimant's brief, also attached was a statement from Dr. Dennis Mess, dated March 19, 1992, which stated that claimant would never be able to resume her nursing duties and that she was capable only of sedentary work with periodic standing. Mess diagnosed L4-L5 and L5-S1 disc degeneration with a small central herniation of L5-S1. Claimant's brief also states that a third note was attached to the petition from one of Mess' associates, Dr. Edward Abraham, dated August 24, 1992, which stated claimant was only capable of sedentary clerical work, and he did not expect any change. Since respondent does not contest or contradict claimant's statement of facts, we accept that respondent agrees that the documents were submitted in support of the original section 19(b—1) petition, although copies of those documents are not attached to the petition in the record.

The arbitrator made an award of benefits. On review, the Commission reversed the arbitrator, finding that there was no recent medical report attached to her petition which stated claimant was incapable of work. Based on this finding, the Commission determined there was no jurisdiction under section 19(b—1) of the Act and dismissed claimant's request for an expedited hearing. The Commission specifically stated that its decision was not a dismissal of the application for adjustment of claim and was not a bar to further proceedings before the arbitrator or refiling of a section 19(b—1) petition.

A denial of a section 19(b—1) petition by the Commission, as in this case, does not mean claimant is not entitled to medical services and compensation pursuant to the Act. It simply means the claimant has not satisfied the strictures of section 19(b—1) for a priority hearing. Section 19(b—1) requires the petition to contain "a copy of a signed report by a medical practitioner, relating to the employee's current inability to return to work because of the injuries incurred as a result of the accident or such other documents or affidavits which show that the employee is entitled to receive compensation." 820 ILCS 305/19(b—1)(x) (West 1992).

The Commission's decision could be interpreted to mean that the Commission found no appropriate attachments to the petition were filed with the petition and that the agreement of the parties, in contravention of the express language of the statute, could not be used to invoke the remedy afforded by this section of the Act. The language of the statute is unambiguous. Strict compliance with the Act is mandatory, not discretionary.

When a claimant is able to return to work, the benefits of expedited proceedings under section 19(b—1) are not available. *E.L. Kaplan Trucking Co. v. Industrial Comm'n*, 195 Ill. App. 3d 640, 643, 553 N.E.2d 37, 39 (1990). Claimant only established she was unable to return to work in her previous position, not that she was currently unable to work at all, as she had been released to work with limitations.

In confirming the Commission's decision, the circuit court stated: "*Kaplan* stands for the proposition that strict compliance with all requirements of a Section 19(b—1) hearing are to be followed to grant the Commission Section 19(b—1) jurisdiction [*sic*]. Therefore, a claimant must establish, by the documents attached to the Section 19(b—1) petition, a current inability to work. The court notes the subject provisions of Section 19(b—1) can be interpreted as requiring either a medical report stating current inability to work or entitlement to TTD *or* other documentation or affidavits which show an entitlement to TTD, to proceed with a Section 19(b—1) hearing. Petitioner has not satisfied either interpretation." (Emphasis added.)

The circumstances in this case are distinguishable from the situation found in *Archer Daniels Midland Co. v. Industrial Comm'n*, 174 Ill. App. 3d 918, 925, 529 N.E.2d 237, 242 (1988), *aff'd in part & rev'd in part on other grounds*, 138 Ill. 2d 107, 561 N.E.2d 623 (1990). In *Archer Daniels Midland Co.*, the claimant was not only unemployable in his old job, but was engaged in a rehabilitation course and was not yet working. The parties and experts agreed the claimant required vocational rehabilitation in an occupation requiring minimal physical duties. Since the claimant in *Archer Daniels Midland Co.* had not completed rehabilitation when temporary total disability payments were terminated, he could not have been expected to find work. In the case at bar, claimant could work, albeit with restrictions.

The Commission did not abuse its discretion in denying the petition. In the absence of any abuse, this court will not substitute its judgment for that of the Commission. The Commission made it clear its decision denying the section 19(b—1) petition as filed was not a bar to the underlying claim nor a bar to a properly filed section 19(b—1) petition.

The order of the circuit court of Cook County confirming the decision of the Commission is affirmed.

Affirmed.

RAKOWSKI and HOLDRIDGE, JJ., concur.

JUSTICE RARICK, dissenting:

Under the language of section 19(b—1), "a copy of a signed report by a medical practitioner, relating to the employee's current inability to return to work because of the injuries incurred as a result of the accident or such other documents or affidavits which show that the employee is entitled to receive compensation" is required to be attached to the claimant's petition for an expedited hearing. 820 ILCS 305/19(b—1) (West 1992). Claimant here attached a signed medical report to her petition which stated claimant would never be able to resume her duties as a nurse. While technically claimant can work in other capacities, in reality, claimant is not working and cannot find suitable employment given her experience and physical restrictions. Contrary to the majority's statement, I believe the circumstances confronting claimant do parallel those found in *Archer Daniels Midland Co. v. Industrial Comm'n*, 174 Ill. App. 3d 918, 529 N.E.2d 237 (1988), *aff'd in part & rev'd in part*, 138 Ill. 2d 107, 561 N.E.2d 623 (1990). The claimant in *Archer Daniels* found himself unemployable in his old line of work but was engaged in a rehabilitation course at the time of filing his section 19(b—1) petition. The claimant technically could return to some sort of work, but in reality was not working and should not return to work until he completed the rehabilitation course. Yet, the court specifically concluded the claimant had complied with section 19(b—1) requirements. I believe the same result should be reached here. Claimant currently cannot work and therefore meets the jurisdictional requirements for a section 19(b—1) petition. I therefore dissent.

COLWELL, J., joins this dissent.