(No. 82887.—

SUN CHOI, Appellant, v. THE INDUSTRIAL COM-
MISSION *et al.* (Ravenswood Hospital *et al.*, Ap-
pellees).

*Opinion filed May 21, 1998.*

James L. Kaplan, of Kaplan & Sorosky, Ltd., of Chicago, for appellant.

Stuart M. Pellish, of Purmal, Barnes & Cohen, of Chicago, for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Section 19(b—1) of the Workers' Compensation Act (the Act) (820 ILCS 305/19(b—1) (West 1994)) provides that employees who are not receiving temporary total disability benefits pursuant to section 8(b) of the Act (820 ILCS 305/8(b) (West 1994)) or other benefits pursuant to section 8(a) (820 ILCS 305/8(a) (West 1994)) may file a petition before the Industrial Commission (the Commission) requesting an expedited hearing to determine whether they are entitled to such benefits. At issue in this appeal is paragraph (x) of section 19(b—1), which directs that certain documents be attached to the section 19(b—1) petition. The appellate court held that under paragraph (x), an employee must attach documents to the petition which establish that the employee is "unable to work at all" before the petition may be considered by the Commission. 286 Ill. App. 3d 536, 539. For the following reasons, we reverse the judgment of the appellate court and hold that paragraph (x) does not require an employee to attach documents to the section 19(b—1) petition which establish a complete incapacity to perform all work.

## Background

On August 5, 1992, the claimant, Sun Choi, filed a

petition for immediate hearing before the Commission pursuant to section 19(b—1) of the Act (820 ILCS 305/ 19(b—1) (West 1994)). According to the petition, claimant injured her back during the course of her employment with the respondent, Ravenswood Hospital, when she lifted a patient in respondent's intensive care unit. Claimant was granted permission to withdraw her section 19(b—1) petition in September 1992. The petition was subsequently refiled on March 1, 1993.

It is undisputed that three documents relating to the requirements set forth in paragraph (x) of section 19(b—1) were attached to the petition filed in 1993. The first document was a protest letter dated July 31, 1992, from respondent to the Illinois Department of Employment Security, in which respondent questions claimant's eligibility for unemployment benefits. The letter notes that claimant "was involved in a[n] injury on the job and restricted to light duty only." The letter also states that "based on the claimant's current medical condition," she is not allowed to "work full time for our organization" and has "not been released to return to full time duty without restrictions." The second document attached to claimant's petition was a letter from one of claimant's treating physicians, Dr. Dennis Mess, to respondent, dated March 19, 1992. In this letter, Dr. Mess states that he saw claimant on March 18, 1992, and that she was diagnosed as having "L4-5, L5-S1 disc degeneration with a small central herniation at L5-S1." Dr. Mess also opined:

> "I don't feel [claimant] will ever be able to resume her nursing duties. She is capable of sedentary work with the ability to periodically work while standing as in the past."

The final document attached to claimant's petition was a note from another of claimant's physicians, Dr. Edward Abraham. In this note, dated August 24, 1992, Dr. Abraham states:

> "[Claimant] has lumbar disc disease. She is capable

only of sedentary clerical work. I don't expect any change in her condition."

On August 24, 1992, respondent filed a response to claimant's first filing of her section 19(b—1) petition. In this response, respondent admitted that claimant had been injured in its intensive care unit, and admitted that it had refused to provide claimant with benefits under either section 8(a) or 8(b) of the Act. However, respondent disputed claimant's description of the nature of her injury, and her description of the accident which caused the injury. In addition, respondent contended that claimant's petition was defective because she had failed "to attach [a] medical report showing [her] total inability to work." Attached to the response to claimant's section 19(b—1) petition were two documents. The first document was a note written by Dr. Abraham and dated January 22, 1992. The note states that "Ms. Choi may resume her previous work duties on 1/29/92." The second document was a letter written by Dr. Leonard Smith and dated October 24, 1991. In the letter, Dr. Smith describes the nature and extent of claimant's injury and then concludes:

"[L]ifting should be confined to 30 pounds and carrying to 30 pounds. Other than this, [claimant] can perform the usual and customary duties of a nurse."

Claimant's section 19(b—1) petition was brought before an arbitrator for a hearing on March 30, 1993. At the start of the hearing, respondent repeated its argument that claimant's petition should be dismissed because it did not contain "a report from the physician which, in fact, states that [claimant] cannot work." The arbitrator disagreed with respondent and, at the conclusion of the hearing, awarded claimant temporary total disability benefits pursuant to section 8(b) of the Act and vocational rehabilitation pursuant to section 8(a). Upon review, the Commission dismissed claimant's petition and vacated the arbitrator's award of benefits

without considering the merits of claimant's request for benefits. The Commission concluded that claimant's petition was subject to dismissal because there was "no recent medical report attached to the § 19(b—1) Petition which stated that the [claimant] was incapable of work." The circuit court confirmed the decision of the Commission.

The appellate court, with two justices dissenting, affirmed the judgment of the circuit court. Relying on *E.L. Kaplan Trucking Co. v. Industrial Comm'n*, 195 Ill. App. 3d 640 (1990), the appellate court held that claimant's petition was defective and therefore could not be considered by the Commission, because the documents which claimant had attached to the petition "only established she was unable to return to work in her previous position, not that she was currently unable to work at all." 286 Ill. App. 3d at 539. The two dissenting justices certified the cause for further review, and we granted claimant's petition for leave to appeal. 166 Ill. 2d R. 315(a).

## Analysis

Section 19(b—1) provides, in pertinent part:

"(b—1) If the employee is not receiving medical, surgical or hospital services as provided in paragraph (a) of Section 8 or compensation as provided in paragraph (b) of Section 8, the employee, in accordance with Commission Rules, may file a petition for an emergency hearing by an Arbitrator on the issue of whether or not he is entitled to receive payment of such compensation or services as provided therein. Such petition shall have priority over all other petitions and shall be heard by the Arbitrator and Commission with all convenient speed.

Such petition shall contain the following information and shall be served on the employer at least 15 days before it is filed:

\* \* \*

(x) a copy of a signed report by a medical practitioner,

relating to the employee's current *inability to return to work* because of the injuries incurred as a result of the accident or such other documents or affidavits which show that the employee is entitled to receive compensation pursuant to paragraph (b) of Section 8 of this Act or medical, surgical or hospital services pursuant to paragraph (a) of Section 8 of this Act. Such reports, documents or affidavits shall state, if possible, the history of the accident given by the employee, and describe the injury and medical diagnosis, the medical services for such injury which the employee has received and is receiving, the physical activities which the employee cannot currently perform as a result of any impairment or disability due to such injury, and the prognosis for recovery." (Emphasis added.) 820 ILCS 305/19(b—1) (West 1994).

The principal issue presented for review in this appeal is the meaning of the phrase "inability to return to work" found in the first sentence of paragraph (x) of section 19(b—1). As this issue is one of statutory construction, our review is *de novo*. *Lucas v. Lakin*, 175 Ill. 2d 166, 171 (1997).

Respondent argues that as a matter of policy, the phrase "inability to return to work" should be construed as meaning a total inability to perform all work and, therefore, that the employee must attach documents to the petition which establish that he or she is incapable of performing all work. In support of this contention, respondent highlights several features of section 19(b—1). Respondent notes that a section 19(b—1) petition is "for an emergency hearing," and that the petition "shall have priority over all other petitions and shall be heard by the Arbitrator and Commission with all convenient speed." 820 ILCS 305/19(b—1) (West 1994). Respondent further notes that once the petition is filed, the conduct of the employer in defending the petition is restricted. Specifically, an employer who does not "timely file and serve a written response without good cause may not introduce any evidence to dispute any claim of the em-

ployee." 820 ILCS 305/19(b—1) (West 1994). Respondent contends that because of the conditions and burdens imposed under section 19(b—1), the legislature must have intended to restrict the use of the section 19(b—1) petition to those situations in which the employee is totally incapable of performing all work. Because claimant in the instant case did not include attachments which established that she was completely unable to work, respondent contends that the Commission properly dismissed her petition. We disagree.

Section 19(b—1)(x) provides that an employee requesting an immediate hearing must provide a medical report relating to his or her current inability to return to work *or* "such other documents or affidavits which show that the employee is entitled to receive compensation pursuant to paragraph (b) of Section 8 of this Act or medical, surgical or hospital services pursuant to paragraph (a) of Section 8 of this Act." 820 ILCS 305/19(b—1)(x) (West 1994). Paragraph (b) of section 8 governs the awarding of benefits for temporary total disability. See 820 ILCS 305/8(b) (West 1994).

"Total disability," as that term is used in the Act, does not mean total physical and mental incapacity. *Archer Daniels Midland Co. v. Industrial Comm'n*, 138 Ill. 2d 107, 120 (1990). Rather, an employee is considered totally disabled when, because of a work-related injury, he or she is able only to perform services which are so limited in quality, dependability, or quantity that a " 'reasonably stable labor market' " for them does not exist. *J.M. Jones Co. v. Industrial Comm'n*, 71 Ill. 2d 368, 373 (1978), quoting *E.R. Moore Co. v. Industrial Comm'n*, 71 Ill. 2d 353, 362 (1978); see generally 4 A. Larson, Workers' Compensation Law § 57.51 (1997). Thus, "[e]vidence that the employee has been or is able to earn occasional wages or to perform certain useful services neither precludes a finding of total disability

nor requires a finding of partial disability." *E.R. Moore Co.*, 71 Ill. 2d at 361; *Archer Daniels Midland Co.*, 138 Ill. 2d at 121; 4 A. Larson, Workers' Compensation Law § 57.51(a), at 10—283 through 10—286 (1997); see also *Whitney Productions, Inc. v. Industrial Comm'n*, 274 Ill. App. 3d 28, 31 (1995) ("ability to do light work does not necessarily preclude a finding of temporary total disability"). Accordingly, because "total disability" does not mean a complete inability to perform all work, an employee may satisfy the requirements of paragraph (x), under the plain terms of the statute, without establishing that he or she is completely unable to perform all work.

In addition to being at odds with the plain language of the statute, respondent's contention that paragraph (x) requires an employee to establish that he or she is unable to perform all work is also contrary to the purpose of the section 19(b—1) petition. Section 19(b—1) was enacted to address the possibility that an unscrupulous employer or insurance company might withhold all workers' compensation benefits from a temporarily totally disabled employee in an attempt to pressure that employee into accepting a settlement. Section 19(b—1) seeks to eliminate this situation by providing a means of quickly resolving the single question of whether the employee is entitled to receive workers' compensation benefits. See 83d Ill. Gen. Assem., House Proceedings, June 16, 1983, at 28-29 (statements of Representative McPike) (discussing originally enacted version of section 19(b—1)). Adopting respondent's interpretation of paragraph (x) would remove the option of proceeding under section 19(b—1) for all those injured employees who are not completely incapacitated, but who can nevertheless demonstrate that they are temporarily totally disabled because they cannot perform any services except those for which no reasonably stable labor mar-

ket exists. Such a result is incompatible with the purpose of section 19(b—1). Furthermore, we note that it would make little sense to construe paragraph (x) as requiring an employee to submit documents which establish that he or she is completely incapable of performing all work in order to obtain a *hearing* on whether the employee is entitled to temporary total disability benefits, when the employee is not required to prove a complete inability to perform all work in order to actually *receive* those benefits.

In support of its contention that paragraph (x) requires the employee to establish a complete incapacity to perform all work, respondent relies, as did the appellate court, on *E.L. Kaplan Trucking Co. v. Industrial Comm'n*, 195 Ill. App. 3d 640 (1990). In *Kaplan*, the injured employee was awarded temporary total disability benefits and medical expenses following a hearing brought pursuant to section 19(b—1). The employer appealed, arguing that "the Commission erred in allowing [the employee's claim] to be heard on an expedited basis because claimant failed to present any evidence that at the time of the hearing [he] was temporarily totally disabled." *Kaplan*, 195 Ill. App. 3d at 641-42. The appellate court, after reviewing the pertinent statutory language, determined that paragraph (x) requires a claimant to "show a present or 'current inability' to work in order to be entitled to the emergency and expedited benefits of section 19(b—1)." *Kaplan*, 195 Ill. App. 3d at 642. The court then concluded that the section 19(b—1) petition at issue before it was deficient because the evidence presented with the petition failed to show a current inability to work, or temporary total disability, and, in fact, showed that the employee was working at the time he filed his section 19(b—1) petition. *Kaplan*, 195 Ill. App. 3d at 643. Thus, *Kaplan* holds that an employee who is regularly employed at the time of filing a section

19(b—1) petition cannot demonstrate a *"current* inability to return to work" (emphasis added) (820 ILCS 305/ 19(b—1)(x) (West 1994)) and, therefore, is not entitled to an expedited hearing under section 19(b—1). *Kaplan* does not stand for the proposition that an employee must establish a complete inability to perform all work in order to satisfy the requirements of paragraph (x). *Cf. Archer Daniels Midland Co. v. Industrial Comm'n*, 174 Ill. App. 3d 918, 925 (1988), *aff'd in part & rev'd in part*, 138 Ill. 2d 107 (1990). In the case at bar, respondent concedes that claimant was not working at the time she filed or refiled her section 19(b—1) petition.

We have a duty to construe the language of paragraph (x) so that the statute's purpose is given effect. *In re A.P.*, 179 Ill. 2d 184, 195 (1997). We must also presume that in enacting paragraph (x), the legislature did not intend to produce absurd, inconvenient or unjust results. *Baker v. Miller*, 159 Ill. 2d 249, 262 (1994). In light of these principles, we believe that the phrase "inability to return to work," as used in paragraph (x), should be construed to equate to the term "temporarily totally disabled." This interpretation of the phrase "inability to return to work" avoids the inconsistencies and contradictions which are created by respondent's proposed construction of the phrase. In addition, equating the phrase "inability to return to work" with the term "temporarily totally disabled" insures that full effect is given to the underlying purpose of the statute.

Paragraph (x) thus mandates that an employee filing a section 19(b—1) petition attach to the petition a signed report by a medical practitioner or other documents or affidavits which relate to, or show, that the employee is entitled to receive compensation for temporary total disability or to receive other benefits under section 8(a) of the Act. The "reports, documents or affidavits [attached to the petition] shall state, if possible,

the history of the accident given by the employee, and describe the injury and medical diagnosis, the medical services for such injury which the employee has received and is receiving, the physical activities which the employee cannot currently perform as a result of any impairment or disability due to such injury, and the prognosis for recovery." 820 ILCS 305/19(b—1)(x) (West 1994). Claimant in the instant case attached two statements from her physicians, and one letter from respondent, to her section 19(b—1) petition. These documents described claimant's injury, the physical activities which she could not perform, and her medical diagnosis. The documents did not have to establish that claimant was totally unable to work.

At oral argument, respondent contended that claimant's petition was also subject to dismissal because no documents were attached to the petition which showed that she could not find work. Respondent's argument on this point evidently relates to the burden faced by an employee who has been injured on the job and who is seeking workers' compensation benefits, but who is not manifestly unemployable:

> "If the claimant's disability is limited in nature so that he is not obviously unemployable or if there is not medical evidence to support a claim of total disability, the burden is upon the claimant to establish the unavailability of employment to a person in his circumstance. [Citation.] Once a claimant shows that he is unable to perform and obtain regular and continuous employment for which he is qualified, the burden shifts to the employer, who must come forward with evidence to establish 'that the employee is capable of engaging in some type of regular and continuous employment' and that 'such employment is reasonably available.' [Citation.]" *Archer Daniels Midland Co.*, 138 Ill. 2d at 120-21.

See also *Valley Mould & Iron Co. v. Industrial Comm'n*, 84 Ill. 2d 538, 546-47 (1981); 4 A. Larson, Workers' Compensation Law §§ 57.61(c), (d) (1997).

Nowhere in paragraph (x) is it stated that an injured employee who is not obviously unemployable must attach documents to the section 19(b—1) petition which establish the unavailability of employment. If an injured employee is faced with the burden of proving that employment is unavailable, then that burden must be met during the hearing before the arbitrator, not in the section 19(b—1) petition. Parenthetically, we note that if the employee intends to use documents at the hearing to help establish the unavailability of employment, then such documents must be attached to the petition pursuant to paragraph (xi) of section 19(b—1). See 820 ILCS 305/19(b—1)(xi) (West 1994). Respondent does not contend that claimant failed to comply with this paragraph.

Respondent also argues briefly that claimant's injury had become permanent by the time she filed her petition in 1993, and, because section 19(b—1) is not available for employees seeking permanent disability benefits, claimant's petition was therefore properly dismissed. In support of this contention, respondent points to the note written by Dr. Edward Abraham, dated August 24, 1992, in which he states that he does not "expect any change in [claimant's] condition."

An employee is temporarily totally disabled "from the time an injury incapacitates him for work until such time as he is as far recovered or restored as the permanent character of his injury will permit." *Archer Daniels Midland Co.*, 138 Ill. 2d at 118. "The time during which a worker is temporarily totally disabled presents a question of fact to be determined by the Industrial Commission, and the Commission's decision will not be disturbed unless it is against the manifest weight of the evidence." *Archer Daniels Midland Co.*, 138 Ill. 2d at 118-19. In the instant case, the only issue which was considered by the Commission, and the only issue which is before this

court, is the adequacy of claimant's section 19(b—1) petition. Although evidence was presented at the hearing before the arbitrator regarding the permanency of claimant's condition, that evidence may not be used to determine whether claimant's petition is subject to dismissal. In addition, we cannot say that the single statement made by Dr. Abraham is sufficient to establish, as a matter of law, that claimant "is as far recovered or restored as the permanent character of [her] injury will permit." *Archer Daniels Midland Co.*, 138 Ill. 2d at 118. We therefore express no opinion on the question of the permanency of claimant's condition.

It is undisputed that claimant was not working and was not receiving workers' compensation benefits under either section 8(a) or 8(b) when she filed her section 19(b—1) petition in 1993. The documents which claimant attached to her petition confirmed that she had been injured and adequately described the nature of the injury. In its response to claimant's petition, respondent disputed the extent of claimant's injury, but admitted that she had been injured while working in its intensive care unit. Under paragraph (x), the documents attached to claimant's section 19(b—1) petition did not have to establish that she was completely incapable of performing all work. In addition, while claimant may have to prove to the Commission that employment was unavailable to someone in her circumstance in order to ultimately qualify for temporary total disability benefits, she was not required to meet that burden in the section 19(b—1) petition. Accordingly, the Commission erred when it dismissed claimant's petition.

### Conclusion

The judgments of the appellate court and circuit court are reversed and the decision of the Industrial Commission is set aside. The cause is remanded to the

Industrial Commission for further proceedings consistent with this opinion.

*Appellate court judgment reversed;*
*circuit court judgment reversed;*
*Commission decision set aside;*
*cause remanded.*