THE MOWEAQUA COAL MINING AND MANUFACTURING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(TONY PEKOVITCH, Defendant in Error.)

*Opinion filed October 28, 1926.*

1. WORKMEN'S COMPENSATION—*the circuit court cannot obtain jurisdiction unless statutory conditions are complied with.* The method of bringing the record of the Industrial Commission before the circuit court for consideration is purely statutory, and the court cannot obtain jurisdiction of the proceeding unless the parties seeking the hearing comply with all the conditions prescribed by the statute.

2. SAME—*writ of certiorari may be quashed for failure to pay cost of record prior to issuing of writ.* Under paragraph (*f*) of section 19 of the Compensation act, providing that "no *præcipe* for a writ of *certiorari* may be filed and no writ of *certiorari* shall issue unless the party seeking to review the decision of the Industrial Commission shall exhibit to the clerk of the said circuit court a receipt showing payment" of the cost of the record to the commission, the writ of *certiorari* may be quashed on motion where the payment is not made until after the writ has issued, as the statute makes such payment a condition precedent to the issuance of the writ.

3. CERTIORARI—*when evidence may be heard in support of the motion to quash writ.* Where the facts showing that the writ of *certiorari* was improperly issued are not apparent from an inspection of the record, it is proper practice to hear extrinsic evidence in support of the motion to quash.

WRIT OF ERROR to the Circuit Court of Shelby county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

CARL H. PREIHS, and JOHN W. PREIHS, for plaintiff in error.

SAM GILBERT, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review the judgment of the circuit court of Shelby county quashing the writ of *certiorari* issued by the clerk at the request of plaintiff in error, the Moweaqua Coal Mining and Manufacturing Company, for the reason that plaintiff in error had not paid to the Industrial Commission the amount of the probable cost of the record to be filed as a return to the writ of *certiorari*, as provided by paragraph (*f*) of section 19 of the Workmen's Compensation act.

Defendant in error was injured while in the employ of plaintiff in error September 20, 1922. An award was made in April, 1924, and on review this award was sustained, the decision being rendered November 5, 1924. November 29 plaintiff in error filed a *præcipe* for a writ of *certiorari* in the circuit court of Shelby county, and the same was issued. November 9, 1925, defendant in error filed a motion to quash the writ, and supported it with an affidavit and exhibits showing that the sum of $25, being the amount of the probable cost of the record as determined by the Industrial Commission, was not paid to the Industrial Commission until March 6, 1925.

Paragraph (*f*) of section 19 provides: "In its decision on review the Industrial Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a return to the writ of *certiorari* in that case and no *præcipe* for a writ of *certiorari* may be filed and no writ of *certiorari* shall issue unless the party seeking to review the decision of the Industrial Commis-

sion shall exhibit to the clerk of the said circuit court a receipt showing payment of the sums so determined to the secretary of the Industrial Commission." (Smith's Stat. 1925, p. 1285.)

The method of bringing before the circuit court for consideration the record of the Industrial Commission is purely statutory, and the court can obtain jurisdiction of the proceeding only in the manner provided by statute. (*Central Illinois Service Co.* v. *Industrial Com.* 293 Ill. 62; *People* v. *McGoorty,* 270 id. 610.) The jurisdiction exercised by the circuit courts under the Workmen's Compensation act is a special statutory jurisdiction, and the parties seeking a hearing in the circuit court under this statute must comply with all the conditions prescribed. The statute says plainly that no *præcipe* for a writ of *certiorari* may be filed and no writ shall issue until the parties seeking the writ shall exhibit to the circuit clerk a receipt showing payment of the amount of the probable cost of the record to be filed as a return to the writ of *certiorari.* The purpose of the statute is to coerce the payment of an amount sufficient to cover the cost of the record which the Industrial Commission must prepare. The legislature has seen fit to make the payment of this amount a condition precedent to the issuance of the writ. The language of the statute is plain and there is no room for construction. The clerk had no authority to issue the writ and it was properly quashed on motion. Where the facts showing the writ was improperly issued are not apparent from an inspection of the record, the practice in *certiorari* is to hear extrinsic evidence in support of the motion.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*