(No. 25549.—

THE PEOPLE *ex rel.* Fred Singer, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed April 17, 1940.*

CHARLES A. HELSELL, R. C. BECKETT, and ADSIT, THOMPSON & HERR, (E. C. CRAIG, and V. W. FOSTER, of counsel,) for appellant.

HUBERT H. EDWARDS, State's Attorney, (CLAIR WESTERVELT, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant filed objections in the county court of Livingston county to the collector's application for judgment

on the road and bridge levies certified by the respective highway commissioners in ten separate townships in said county. The objections were overruled and appellant, having paid seventy-five per cent of the taxes under protest, appeals directly to this court as a question of revenue is involved.

Each of the ten towns involved has outstanding road bond issues authorized by section 112 of the Roads and Bridges act (Ill. Rev. Stat. 1937, chap. 121, par. 120) and the county clerk has extended a tax in said towns for the purpose of paying interest and retiring the principal of said bonds in amounts varying from thirty-eight cents to eighty-two cents on each $100. Two of said towns, Belle Prairie and Oswego, also had outstanding bonds issued under section 61 of the Roads and Bridges act. (Ill. Rev. Stat. 1937, chap. 121, par. 67.) It is conceded that the county clerk of Livingston county properly extended a rate sufficient to pay the principal and interest of the bonds as the same mature. This was mandatory under section 12 of article 9 of the constitution.

In addition to the foregoing taxes extended by the county clerk, the highway commissioners of the several towns filed a certificate of levy of twenty-five cents on the $100, or up to thirty-three cents if authorized in writing by the board of town auditors, under section 56 of the Roads and Bridges act. (Ill. Rev. Stat. 1937, chap. 121, par. 62.) The sole objection made by appellant is that since the rate extended by the county clerk, in each instance, for the collection of a tax to pay principal and interest of outstanding bonds is in excess of the amount that the commissioners of highways may levy under section 56, *supra,* the latter levy is entirely void. The contention is made that no taxes can be raised under section 56, *supra,* if taxes extended by the county clerk to pay bonds and interest equal or exceed the amount authorized therein.

The Roads and Bridges law was re-written and codified in 1913 and section 1 provides: "That the laws relating to

roads and bridges be and they hereby are codified, revised and amended, with articles, subdivisions and sections, entitled, numbered and to read as follows:" Article 6 is designated: "Town and District Organization and Administration for Highway Purposes." This article is divided into eight subdivisions of which No. 3 is entitled "The Raising of Revenue for Highway Purposes and the Application Thereof," and subdivision 8 is entitled "Gravel, Rock and Macadam—Hard Roads." The act nowhere authorizes the commissioners by their certificate to levy a tax except as provided in section 56, *supra*. Section 61 authorizes a special tax by a vote of the people, for road aid, when such purpose requires "a greater sum of money than is available to them by other means." Section 61 authorizes a special tax by a vote of the people, to pay for damages and right-of-way in addition to the money that may be levied under section 56, and section 108 authorizes a special tax for constructing and maintaining rock or hard roads by a vote of the people. Section 112 provides that a certain number of the freeholders may petition to hold an election to vote bonds for road purposes and, in case a majority of the legal voters are in favor of the bonds, the town clerk is required to certify the fact to the county clerk and it is the duty of the latter to extend, annually, against the property in said town, a tax sufficient to pay the interest on the bonds and for the principal each year, as they mature. The tax authorized to be levied by the commissioners under section 56 is for proper construction, maintenance and repair of roads and bridges and comes under subdivision 3 of article 6 and is designated "The Raising of Revenue for Highway Purposes and the Application Thereof." The special tax authorized to be raised under section 61 is authorized by an election called by the commissioners, and, as pointed out above, is only where it is for the purpose of aiding the State in constructing a State-wide system of durable hard-surfaced roads and requires "a greater sum of money than is

available to them by other means." The election for borrowing money and issuing bonds, (sec. 112, *supra,*) is initiated by a petition of one-hundred freeholders and comes under subdivision 8 entitled: "Gravel, Rock and Macadam —Hard Roads" of article 6 above. Section 122 of the same subdivision provides that the commissioners and the county superintendent may cause a road to be built of earth when gravel, stone and other suitable materials cannot be obtained at a cost within the means available. Section 124 provides that the commissioner of highways shall receive the same compensation for his services "under this subdivision of this act as for serving under the common road law," and section 129 provides that surplus funds in the hands of the treasurer after the completion of any road "provided for under this subdivision of this act" shall be turned over to the common road fund of said town.

Statutes must be reasonably construed, so as to be applied in a practical and common sense manner. (*People v. New York, Chicago and St. Louis Railroad Co.* 353 Ill. 518; *Friend v. Borrenpohl,* 329 id. 528.) Each word, clause or sentence must be given effect if possible, in order that no such word, clause or sentence may be deemed superfluous or void. *People v. Flynn,* 265 Ill. 414; *Consumers' Co. v. Industrial Com.* 364 id. 145; *Winner v. Kadow,* 373 id. 192.

It is apparent that the revision and codification of the Roads and Bridges law embraced a general scheme divided into several purposes, each of which was covered by a designation contained in the article or the subdivision, and one of the purposes disclosed is to provide a fund to be levied by the commissioners of highways for ordinary road purposes, and another to provide means by special taxation or the issuance of bonds, to be authorized by a vote of the people, to raise funds to improve roads which may be hard-surfaced or otherwise. The amount to be authorized for ordinary purposes is wholly within the discretion of the

highway commissioner and board of town auditors, within the rate fixed by section 56. The amount to be raised in aid of State roads or to improve roads, requiring money in excess of said rate, must be authorized by a vote of the people. There is no limit fixed in the Roads and Bridges act on the amount of money that may be raised for all road purposes, except the constitutional provision prohibiting any municipality from becoming indebted in excess of five per cent of the assessed value of the taxable property. The legislature, in enacting the statute, must have had in mind that when bonds were issued by a town for road purposes then it was mandatory for a tax to be levied sufficient to pay the principal and interest (*People* v. *S. Dearborn St. Corp.* 363 Ill. 286) and that such provision of the constitution was self-executing. (*People* v. *Westminster Building Corp.* 361 Ill. 153; *People* v. *New York Central Railroad Co.* 355 id. 80.) Statutes must receive a reasonable construction and not one that is absurd. (*Patterson Pie Co.* v. *Industrial Com.* 335 Ill. 476; *People* v. *Hughes,* 357 id. 524.) It would seem most unreasonable to assume that the legislature would authorize the people to vote for bonds in an amount that would require the county clerk to annually extend a sum in excess of the amount of tax the highway commissioners could levy and, by so doing, not only prevent the highway commissioners from performing their proper functions but also to allow roads and bridges not benefited by the proceeds of the bonds to be without funds for repair or up-keep.

It is claimed that the Roads and Bridges law in the foregoing matters should be construed the same as the law with respect to schools and counties. When authorities cited by appellant are examined the distinction becomes at once apparent.

We have held that where a limitation on a tax rate is made by the General Assembly it is just as valid and binding as though the limitation were fixed by the constitution.

(*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 Ill. 214; *People* v. *Hoerr,* 294 id. 338.) In both the Counties act and the School act these limitations exist. In levying taxes for schools the statute provides (Ill. Rev. Stat. 1937, chap. 122, par. 212) a tax may be levied each year for the purpose of establishing and supporting free schools for not fewer than eight months each year and defraying *all the expenses of the same of every description,* and then fixes a rate for educational and for building purposes. This constitutes a legislative limitation upon the total amount that may be raised for school purposes and is the basis of our holdings (*Chicago and Alton Railroad Co.* v. *People,* 205 Ill. 625; *People* v. *Louisville and Nashville Railroad Co.* 300 id. 312;) that a school bond issue must be paid from the levy made by the school directors, and there is no authority for raising additional money because of the limitation in the statute of the total amount which may be levied for school purposes.

Under the Counties act (Ill. Rev. Stat. 1937, chap. 34, sec. 25) it is provided that the county board may "cause to be levied and collected annually, taxes for county purposes, including all purposes for which money may be raised by the county by taxation." In construing this, the court has held that voting bonds did not authorize the levying of a tax in addition to the rate provided in said section 25, unless a special election was called for the purpose of voting the tax, under section 27, in addition to the regular levy authorized by law. *People* v. *Ross,* 302 Ill. 328.

There would be force to the suggestion made by appellant if the statute authorizing the highway commissioners to make a levy had said that it was "for defraying all expenses of every description" or had said it was for "road purposes, including all purposes for which money could be raised by taxation for such purposes."

These limitations are not contained in the Roads and Bridges act and there is no similar language contained

therein from which a statutory limitation can be surmised. We think it is clear that there is no requirement upon the part of the commissioners to make any reference to taxes extended by the county clerk on the certificate of the town clerk to pay principal and interest on bonds because under section 50, sub-section 3, he is only required to itemize in each levy the amount that he is authorized to certify under section 56. It is argued that money raised under section 112 since the amendment of that section, may be used for the same purpose as money raised under section 56 and, therefore, the money raised under section 112 should be held to apply on the thirty-three cents limitation mentioned in section 56. We do not believe the argument is sound. In construing the Roads and Bridges act as a whole, the purpose of section 112, as amended, is to permit the people, by vote, to raise funds without regard to the limitations in section 56, including purposes in addition to those for which funds can be raised under section 56 and to be expended in a different manner than provided therein. We must take judicial notice of the fact that for many years past, in every section of the State, hard roads have been constructed by the State and by the county and by the road district, and that there still exists throughout the State portions of the highways that are unimproved and need constant attention. We are of the opinion that a construction of the act holding that a vote of the people authorizing bonds for road purposes, and extending a tax to pay principal and interest, deprives the highway commissioners of power to levy the ordinary road tax, would do violence to the manifest intent of the law.

The judgment of the county court of Livingston county was right, and it is affirmed. *Judgment affirmed.*