(No. 34444.—)

ESTHER N. SMITH, Appellee, *vs.* THE ESTATE OF THEODORE O. WOMACK.—(CLOYCE WOMACK, Appellant.)

*Opinion filed November 20, 1957.*

HUTTON, CLARK & HUTTON, of Danville, for appellant.

DYER, RICHMOND & MOORE, of Hoopeston, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This court allowed the petition of Cloyce Womack to appeal from a decision of the Appellate Court for the Third District rendered in the above case on February 26, 1957.

Esther N. Smith, hereinafter called plaintiff, filed a claim against the estate of Theodore O. Womack in the probate court of Vermilion County for the sum of $4000 which was allowed. Cloyce Womack, an aggrieved person, hereinafter called defendant, appealed from the action of the probate court to the circuit court; a transcript of the record was filed on September 6, 1955. Such record discloses that prior to said date, and within 20 days from the date of the allowance of said claim, an appeal bond conditioned for the payment of every and all costs that might be entered upon said trial was filed by defendant and approved by the probate court, and that all the costs and fees were paid to the clerk of said court. Such action on the part of the appellant would perfect an appeal in accordance with the statute as it existed prior to May 12, 1955. (Ill. Rev. Stat. 1953, chap. 3, par. 484.) However, as of the above date, said section of the statute was amended by adding the following: "The person taking the appeal shall give such notice as the court directs of the time when the appeal bond will be presented to the court for approval to each person who has entered his written appearance in the proceeding in which the order, judgment or decree of the probate court was entered." Ill. Rev. Stat. 1955, chap. 3, par. 484.

The defendant admits that in taking his appeal he did not comply with this amendment. He did not give the plaintiff any notice as directed by the probate court or any notice at all to the plaintiff of the time when the appeal bond would be presented for approval.

The plaintiff claims that this failure on the part of the defendant to comply with said amendment was fatal to his appeal. A motion to dismiss the appeal on this ground was made in the circuit court and denied. On appeal to the Appellate Court the judgment was reversed for the reason that because of the failure of the defendant to give

notice set forth in the amendment, the court lacked jurisdiction. It is from that decision that this appeal has been taken to this court.

Prior to the passage of the amendment, the steps taken by the defendant in taking his appeal to the circuit court from the probate court, namely, (1) filing an appeal bond in the probate court, (2) having said bond approved by the probate court, and (3) paying the fees and costs of an appeal, were held to be jurisdictional. (*Davison* v. *Heinrich,* 340 Ill. 349; *McCormick* v. *Meisenheimer,* 337 Ill. 65.) The Appellate Court held the amendment in regard to notice of the time for presentation of bond for approval in the probate court was an additional jurisdictional step to be taken in order to effect an appeal.

In construing and applying statutes relating to jurisdiction there must be substantial compliance with the provisions of the statute conferring jurisdiction on the court, but the construction is not to be so narrow or technical as to defeat the intention of the act or the beneficial results thereof, where all material provisions of the statute have been complied with. (*Hopkins* v. *Gifford,* 309 Ill. 363; *Kennedy* v. *Borah,* 226 Ill. 243.) The courts have always been liberal in construing the appeal statute prior to the amendment here involved. In *Mundy* v. *Mundy,* 230 Ill. App. 266, the court said that almost any attempt made in good faith to execute an appeal bond requires the courts to allow such amendment as will obviate the imperfection. In construing the Civil Practice Act the courts have held that while that act requires that notice be served on the appellee of the taking of an appeal to the Appellate or Supreme Court, and while the statutes or rules have long required notifying an appellee of the filing of a *praecipe* for record, such steps are not jurisdictional. *People ex rel. Sandberg* v. *Grabs,* 373 Ill. 423; *Rowan* v. *Matanky,* 348 Ill. App. 296.

The first sentence of this statute relating to appeals has always been held to specify the jurisdictional aspects of such appeal. It obviously states jurisdictional requirements: "An appeal from any other order, judgment, or decree of the probate court may be taken by any person who considers himself aggrieved to the circuit court *by* the filing in, and the approval by, the probate court of an appeal bond and the payment of the costs and fees of the appeal." (Emphasis added.) The next following sentence, upon which the dismissal below is based, is a completely separate sentence, and does not specify that a person shall take such appeal *by* giving such notice as the court directs. Here all material jurisdictional requisites have been met, and to hold that the provision relating to notice is also jurisdictional would defeat the intention of the act and deny its beneficial results. The appellee is not prejudiced and justice is not hindered by denying jurisdictional vitality to that provision. The provision in question merely sets forth a preferred procedure, depending entirely upon the direction of the court.

Before the passage of the amendment, the first time that the appellee had a right to question the sufficiency of the appeal bond was in the circuit court by motion. The amendment here, by providing for the notice as to the time of presentation of the bond for approval in the probate court, gave him an opportunity to raise the question of its sufficiency in that court. However, in any case where, as here, the statutory notice provided by the amendment was not given, the appellee can still raise the sufficiency of the appeal bond in the circuit court. Therefore, the only effect of not giving the statutory notice provided in the amendment is to postpone the right of questioning the sufficiency of the appeal bond until the cause reaches the circuit court. In our opinion the failure to give the notice is not jurisdictional.

The judgment of the Appellate Court is reversed and, inasmuch as other errors are assigned in the Appellate Court and have not been determined, the cause is remanded to said court for determination.

*Reversed and remanded, with directions.*