(No. 5003 ▮▮▮▮▮▮▮▮▮▮)

MICHAEL PERUSKY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Abbott Laboratories, Appellee.)

*Opinion filed September 19, 1978.*

Sullivan, Smith & Hauser, Ltd., of Waukegan (Richard J. Smith, of counsel), for appellant.

Discipio & DeCarlo, of Chicago (Vito D. DeCarlo, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

This is a workmen's compensation case, before us on

direct appeal from the circuit court of Lake County (58 Ill. 2d R. 302(a)). The record is meager. The claimant, Michael Perusky, was injured on February 13, 1969, the arbitrator found, while in the course of his employment with Abbott Laboratories. On April 19, 1974, the arbitrator denied the claim for compensation, however, because the claimant had not filed an application for adjustment of claim until July 6, 1972. This was not within the statutorily required period of one year from the date (June 27, 1971) of the last payment of compensation by Abbott Laboratories (Ill. Rev. Stat. 1971, ch. 48, par. 138.6(c)(3)). In late October 1975, the Industrial Commission ruled that the claimant had "failed to perfect his petition for review by failing to file *** an agreed statement of the facts *** or by ordering a correct transcript of evidence of the proceedings *** within 20 days of receipt by him of the copy of the decision," pursuant to the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(b)). Although the claimant paid $100 for the cost of preparation of the record, to be filed in the circuit court for review, within 20 days of his receipt of notice of the Commission's decision, he did not file for a writ of *certiorari* until February 17, 1977. The circuit court dismissed for lack of jurisdiction pursuant to section 19(f)(1) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f)(1)). From the moment his counsel withdrew before the arbitrator's hearing commenced, until his appeal here, the claimant has been representing himself.

We affirm the judgment of the circuit court. Because of our disposition of the issue of the circuit court's dismissal, we do not reach any other issue. Section 19(f)(1) allows circuit court review of the Commission's decision concerning "all questions of law and fact presented by [the] record." Under that section, the review must be commenced within 20 days by filing for a writ of

*certiorari.* The section further provides:

"[N] o praecipe for a writ of certiorari may be filed and no writ of certiorari shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums so determined to the Secretary or Assistant Secretary of the Commission, except as otherwise provided by Section 20 of this Act." (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f)(1).)

The claimant paid the Commission to have the record prepared well within 20 days of the decision of the Commission. He did not file for the writ of *certiorari* until well over a year later. The statute clearly indicates two steps are required before two separate fora: the claimant must *pay* the *Commission* for preparation of the record to be presented on review before the writ of *certiorari* can be filed in the *circuit court.* The purpose of the payment is not to cover filing fees for the writ before the circuit court but to pay for the Commission's cost of preparation of the record. *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274. See *Elles v. Industrial Com.* (1940), 375 Ill. 107, 110.

In *Boalbey v. Industrial Com.* (1977), 66 Ill. 2d 217, where the claimant was also *pro se,* the circuit court also dismissed for lack of jurisdiction due to the 22-day-late filing for a writ of *certiorari.* There this court held that "the instant requirement that a petitioner *file for a writ of* certiorari *within a certain time period may,* by its nature, *only be satisfied by literal compliance.*" (Emphasis added.) (66 Ill. 2d 217, 219.) The reason for this is clear. The circuit court's competence to review Commission decisions is statutorily created. (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f).) Hence, this jurisdiction "is a special statutory jurisdiction, and the parties seeking a hearing in the circuit court under this statute must comply with all the conditions prescribed." *Peter H. Clark Lodge v. Industrial Com.* (1971), 48 Ill. 2d 64, 68. Accord, *Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 262,

*Matthiessen & Hegeler Zinc Co. v. Industrial Com.* (1940), 373 Ill. 293, 296, and *Moweaqua Coal Mining & Manufacturing Co. v. Industrial Com.* (1926), 322 Ill. 403, 404-05.

Where the legislature has prescribed certain prerequisites for the maintenance of a statutorily created cause of action, all parties, *pro se* or represented, must be held to the same degree of literal compliance with the legislature's dictates. Because the claimant failed to perform timely that one vital step which would have vested the circuit court with statutory jurisdiction to review the Commission's decision, we affirm the circuit court's dismissal of claimant's action for lack of jurisdiction.

*Judgment affirmed.*