(No. 86232.—

LOUIS K. JONES, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Sea Sprite Boat Company, Appellee).

*Opinion filed November 18, 1999.*

MILLER, J., joined by FREEMAN, C.J., and RATHJE, J., dissenting.

Ronald S. Fishman and Kenneth A. Fishman, of Fishman & Fishman, Ltd., of Chicago, for appellant.

Patrick J. Ryan and Louis J. Cohn, of Cohn, Lambert, Ryan & Schneider, Ltd., of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Section 19(f)(1) of the Workers' Compensation Act (the Act) (820 ILCS 305/19(f)(1) (West 1996)) requires a party seeking judicial review of a decision of the Industrial Commission (the Commission) to file a request for summons with the clerk of the circuit court within 20 days of the receipt of notice of the Commission's decision. Section 19(f)(1) also provides that "no request for a summons may be filed and no summons shall issue" unless the party seeking judicial review exhibits to the clerk of the circuit court proof that the probable cost of preparing the record of proceedings has been paid to the Commission.

The question presented in this appeal is whether the circuit court obtained subject matter jurisdiction over an appeal from the Commission when the party seeking review filed a request for summons in the circuit court within the required 20-day period, and exhibited proof of payment for the probable cost of the record within the 20-day period, but exhibited the proof of payment after filing the request for summons. The appellate court held that jurisdiction did not vest in the circuit court. No. 1—97—1810WC (unpublished order under Supreme Court Rule 23). For the reasons that follow, we reverse the judgment of the appellate court.

Background

On December 2, 1991, the petitioner, Louis K. Jones, filed an application for adjustment of claim with the Commission in which he alleged that he was injured in an ac-

cident during the course of his employment with the respondent, Sea Sprite Boating Company. Following an *ex parte* hearing, an arbitrator determined that petitioner was permanently totally disabled and that he was entitled to substantial benefits. On appeal, the Commission reversed the arbitrator's decision. The Commission concluded that there was no evidence to show that petitioner had notified respondent of his injury within 45 days of the accident, as required by the Act (820 ILCS 305/6(c) (West 1996)).

Thereafter, petitioner sought judicial review of the Commission's decision pursuant to section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 1996)). Section 19(f)(1) provides that judicial review of a decision of the Commission is initiated by filing a request for a summons with the clerk of the circuit court. This request for summons must be filed within 20 days of the receipt of notice of the decision. Section 19(f)(1) also provides that "no request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of payment" of the probable cost of the record in the form of a receipt or an affidavit from an attorney that the cost has been paid. 820 ILCS 305/19(f)(1) (West 1996).

Petitioner's attorney received the decision from the Commission on October 25, 1996. On November 8, 1996, petitioner's attorney filed a request for summons with the circuit court, and the summons was issued on the same day. The summons instructed respondent and the Commission to file their appearances in the circuit court by December 24, 1996. Within 20 days of the receipt of the Commission's decision, on November 14, 1996, petitioner's attorney filed an affidavit with the clerk of the circuit court stating that a payment of $35 had been made to the Commission for the probable cost of preparing the record.

Subsequently, respondent filed a motion to dismiss petitioner's appeal. Respondent maintained that petitioner had failed to strictly comply with the requirements of section 19(f)(1) and, therefore, that the circuit court lacked subject matter jurisdiction over petitioner's appeal. According to respondent, the summons should not have been issued prior to the exhibition of proof that the $35 fee for preparing the record had been paid to the Commission. The circuit court agreed and granted respondent's motion to dismiss.

The appellate court, with two justices dissenting, affirmed the judgment of the circuit court. No. 1—97—1810WC (unpublished order under Supreme Court Rule 23). The majority reasoned that strict compliance with section 19(f)(1) is necessary to vest the circuit court with jurisdiction. The dissenting justices, in contrast, stated that denying petitioner judicial review elevated form over substance. In the view of the dissenting justices, the court's attention should not have been focused "on the order in which the tasks were completed" but on "the fact that petitioner fulfilled all requirements within the requisite 20 days." The two dissenting justices certified the cause for further review, and we granted petitioner's petition for leave to appeal. 177 Ill. 2d R. 315(a).

## Analysis

Section 19(f)(1) of the Workers' Compensation Act provides in pertinent part:

"[T]he Circuit Court *** shall by summons to the [Industrial] Commission have power to review all questions of law and fact presented by such record.

A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court upon written request returnable on a designated return day, not less than 10 or more than 60 days from the date of issuances thereof ***. ***
***

In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a part of the summons in that case and no request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made ***." 820 ILCS 305/19(f)(1) (West 1996).

Respondent maintains that section 19(f)(1) requires strict compliance with all its provisions. Respondent contends that the request for summons which was filed on November 8, 1996, was improper because no proof of payment of costs was exhibited to the clerk of the circuit court. Therefore, according to respondent, the summons which was issued in response to the request was void and without effect, and jurisdiction never vested in the circuit court.

Petitioner, in contrast, emphasizes that all the steps necessary to commence review were completed within the statutory 20-day period. Petitioner concedes that, under a literal or strict construction of the statute, the circuit court may not have had jurisdiction when the summons was issued on November 8, 1996. Petitioner argues, however, that when the costs to the Commission were paid, and the receipt exhibited to the clerk on November 14, 1996, all the elements of the statute had been fulfilled. According to petitioner, the only other step the clerk could have taken, under a strict interpretation of the statute, was to take the summons already on file and stamp it again with a new date. In petitioner's view, resting the presence or absence of jurisdiction on this "meaningless ministerial act" would elevate form over substance and unjustly deny him judicial review of his claim.

It is well settled that "[t]he method of bringing before the circuit court for consideration the record of the

Industrial Commission is purely statutory, and the court can obtain jurisdiction of the proceeding only in the manner provided by statute." *Moweaqua Coal Mining & Manufacturing Co. v. Industrial Comm'n,* 322 Ill. 403, 405 (1926); *Peter H. Clark Lodge No. 483, I.B.P.O.E. of W. Elks v. Industrial Comm'n,* 48 Ill. 2d 64, 68 (1971). "[C]ompliance with the statutorily prescribed conditions is necessary before the circuit court obtains subject matter jurisdiction." *Boalbey v. Industrial Comm'n,* 66 Ill. 2d 217, 218 (1977). Hence, our inquiry in the case at bar must focus on identifying precisely what is required under section 19(f)(1), and on determining whether those requirements have been satisfied under the facts of this case.

This court has consistently held that the timely filing of a request for summons, and the timely exhibition of proof of payment for the probable cost of the record, are jurisdictional requirements which must be strictly adhered to in order to vest the circuit court with jurisdiction over an appeal from the Commission. See, *e.g., Boalbey v. Industrial Comm'n,* 66 Ill. 2d 217, 219 (1977) (the "requirement that a petitioner file for a writ of Certiorari [the statutory predecessor of a summons] within a certain time period may, by its nature, only be satisfied by literal compliance"); *Perusky v. Industrial Comm'n,* 72 Ill. 2d 299, 301 (1978) (same); *Peter H. Clark Lodge No. 483, I.B.P.O.E. of W. Elks v. Industrial Comm'n,* 48 Ill. 2d 64, 71 (1971) (because "the record clearly reflect[ed] that the receipt for costs was not exhibited within the statutory period and [because] this requirement could not be waived, we must hold that the circuit court had no jurisdiction"). This court's conclusion that the timely initiation of appeal proceedings is a jurisdictional requirement comports with one of the primary purposes of the workers' compensation law, which is to determine whether an employee is entitled to receive

compensation for his or her injuries as quickly as possible. See, *e.g.*, *J.L. Simmons Co. ex rel. Hartford Insurance Group v. Firestone Tire & Rubber Co.*, 108 Ill. 2d 106, 112 (1985), quoting *Liquid Carbonic Co. v. Industrial Comm'n*, 352 Ill. 405, 410 (1933) (" 'The object of the act is the allowance of compensation for accidental injuries to employees as promptly and cheaply as may be' "); 1 T. Angerstein, Illinois Workmen's Compensation § 31, at 24 (1952) ("One of the fundamental purposes of workmen's compensation, including that of the Illinois Act, was to devise a method of providing prompt payment of compensation with as little litigation as possible"). Because a key goal of workers' compensation law is the prompt resolution of an injured employee's claim, it is essential that appeals taken from the Commission be pursued in a timely fashion. Time, therefore, is " 'an inherent element' " of the right to appeal (*Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 209 (1985), quoting *Smith v. Toman*, 368 Ill. 414, 420 (1938)), and the time requirements for initiating an appeal to the circuit court under section 19(f)(1) are mandatory and jurisdictional. See also 8 A. Larson & L. Larson, Workers' Compensation Law § 80.52(a) (1999) (time periods for appeal in workers' compensation cases are ordinarily strictly enforced).

However, in several cases where the timely initiation of the appeal process has not been in issue, this court has held that substantial compliance with the precepts of section 19(f) is sufficient to vest the circuit court with jurisdiction. For example, in *Berry v. Industrial Comm'n*, 55 Ill. 2d 274 (1973), the petitioner's attorney timely filed a *praecipe* for *certiorari* with the circuit court (a *praecipe* was the statutory predecessor of the request to issue summons). He also timely paid for the probable cost of the record, but did not physically exhibit to the clerk of the circuit court a receipt showing payment of

costs as the statute required. However, before issuing the summons, the clerk verified that the payment had been made in a timely fashion by phoning the Commission.

Relying on *Moweaqua* and *Peter H. Clark Lodge*, the respondent argued that the circuit court lacked jurisdiction over the appeal. The court disagreed, noting "that in both [*Moweaqua* and *Peter H. Clark Lodge*] the payment [of the probable cost of the record] had not been made within the period prescribed by the statute." *Berry*, 55 Ill. 2d at 278. It determined that "the purpose of the statutory requirement that a receipt for costs be exhibited before filing the Praecipe is to coerce the payment of the costs of the record. If the costs have been paid and the clerk has been satisfied that payment has in fact been made, the purpose of the statute has been fulfilled." *Berry*, 55 Ill. 2d at 278. The court observed " 'that the tendency is to simplify procedure, to honor substance over form, and to prevent technicalities from depriving a party of the right to be heard.' " *Berry*, 55 Ill. 2d at 278, quoting *Republic Steel Corp. v. Industrial Comm'n*, 30 Ill. 2d 311, 313 (1964). Accordingly, this court held that the receipt showing payment of the probable cost of the record did not have to be physically exhibited to the clerk to vest the circuit court with jurisdiction, although a strict reading of the statute would have indicated otherwise.

In *Lee v. Industrial Comm'n*, 82 Ill. 2d 496, 500 (1980), this court addressed an issue regarding the form of the bond which must be filed by an employer seeking judicial review under section 19(f)(2). The bond at issue in *Lee* was signed by one of the employer partners as principal and by the other partner as surety. The employee moved to dismiss the appeal, arguing that the partners were improperly acting in both capacities and that a bond in proper form was jurisdictional. The circuit court allowed the motion. The court also rejected a

subsequent tender of a bond with the two partners as principals and a third person as surety which was submitted by the respondents along with a motion to vacate the order quashing the writ of *certiorari*. *Lee*, 82 Ill. 2d at 498.

On appeal, this court agreed that the form of the original bond was "irregular." It determined, however, that the irregularity did not defeat the circuit court's jurisdiction, and concluded that "[r]espondents' subsequent tender of a bond in proper form \*\*\* should have, in our judgment, been accepted and the sufficiency of the surety on that bond determined." *Lee*, 82 Ill. 2d at 499. In so holding, the court noted that

> " '[i]n construing and applying statutes relating to jurisdiction there must be substantial compliance with the provisions of the statute conferring jurisdiction on the court, but the construction is not to be so narrow or technical as to defeat the intention of the act or the beneficial results thereof, where all material provisions of the statute have been complied with.' " *Lee v. Industrial Comm'n*, 82 Ill. 2d 496, 500 (1980), quoting *Smith v. Estate of Womack*, 12 Ill. 2d 315, 317 (1957).

In *Bethlehem Steel Corp. v. Industrial Comm'n*, 41 Ill. 2d 40 (1968), this court held that the failure to name in the *praecipe* the respondent's attorneys of record, which was required by section 19(f)(1), was not a jurisdictional defect under the facts of the case. The court noted that an attorney appeared for the respondent's law firm throughout the proceedings and that the attorney did not deny that service was properly made upon him. *Bethlehem*, 41 Ill. 2d at 44.

Numerous decisions of the appellate court have also concluded that substantial compliance with certain requirements of section 19(f) may be sufficient to vest the circuit court with jurisdiction. See, *e.g.*, *Forest Preserve District v. Industrial Comm'n*, 305 Ill. App. 3d 657 (1999); *First Chicago v. Industrial Comm'n*, 294 Ill. App. 3d 685 (1998); *Chicago Transit Authority v. Indus-*

*trial Comm'n,* 238 Ill. App. 3d 202 (1992); *Old Ben Coal Co. v. Industrial Comm'n,* 217 Ill. App. 3d 70 (1991); *Chambers v. Industrial Comm'n,* 213 Ill. App. 3d 1 (1991); *Advance Transportation Co. v. Industrial Comm'n,* 202 Ill. App. 3d 449 (1990); *Chadwick v. Industrial Comm'n,* 154 Ill. App. 3d 859 (1987).

In the instant case, there is no dispute that petitioner initiated his appeal in the circuit court in a timely fashion. He filed his request for summons, and exhibited proof of payment for the probable cost of the record, within the 20-day period required by section 19(f)(1). There is also no dispute that petitioner's failure to exhibit proof of payment at the time he filed the request for summons was merely an oversight and was not done with an intent to cause delay or for other strategic reasons. It is also undisputed that the circuit court clerk compounded petitioner's error by permitting the filing of the request for summons on November 8, 1996, and by allowing the summons to issue on that date. Also, there is no allegation of any other deficiency with respect to the summons or with the procedures followed by petitioner. Most significantly, there has been no allegation or showing of any prejudice to respondent or the Commission due to petitioner's actions.

Nevertheless, respondent contends that petitioner may not rely upon the doctrine of substantial compliance to secure judicial review of his claim. Respondent contends that applying the doctrine of substantial compliance here "would diminish the assurance of compensation that the Commission has come to rely upon. This would open the door for parties seeking to avoid payment of the probable cost of the record all together, thus burdening the Industrial Commission with costs it cannot afford to bear." Thus, according to respondent, this court should affirm the motion to dismiss petitioner's appeal "[t]o avoid burdening the Industrial Commission

with the cost of preparing records for appeals." We disagree.

As a general matter, the Industrial Commission is never burdened with the cost of preparing the record for judicial review. Paragraph 3 of section 19(f)(1) provides:

"The Commission shall not be required to certify the record of their proceedings to the Circuit Court, unless the party commencing the proceedings for review in the Circuit Court as above provided, shall pay to the Commission the sum of 80¢ per page of testimony taken before the Commission, and 35¢ per page of all other matters contained in such record, except as provided by Section 20 of this Act."[1]

In light of the language of paragraph 3 of section 19(f)(1), it cannot be, as respondent suggests, that the purpose of requiring the exhibition of proof of payment of costs as a condition to issuing the summons is to ensure that the cost of preparing the record is not borne by the Commission. Regardless of whether the party seeking review displays proof of payment to the clerk at the time the request for summons is filed, the Commission does not have to pay for preparing the record.

In our view, section 19(f)(1)'s requirement that the party seeking judicial review exhibit proof of payment of costs to the circuit court clerk eliminates a potential administrative inconvenience for the Commission. If the requirement that proof of payment be exhibited to the clerk did not exist, the Commission could receive a summons requiring it to certify a record to the circuit court without the probable cost of the record having been paid.

---

[1]Section 20 creates an exception for poor persons. 820 ILCS 305/20 (West 1996); see also *Visioni v. Industrial Comm'n*, 379 Ill. 608, 614-15 (1942) ("the exhibition to the clerk of the receipt for the estimated cost of the transcript *** is not a jurisdictional requirement which cannot be waived by the court, where an appropriate order is entered under the Costs act permitting the one desiring to have the decision of the Industrial Commission reviewed to 'commence and prosecute' his suit as a poor person without exhibiting such receipt or the payment of cost").

In that instance, if the petitioner did not subsequently pay for the probable cost of the record, as required by section 19(f)(1), the Commission might be compelled to answer the summons by filing a motion to quash, on the grounds that the probable cost of the record had not been paid. *Cf.* 735 ILCS 5/3—109 (West 1996) (under the Administrative Review Law, an administrative agency may file a motion to dismiss an appeal if the party seeking review is required to pay for the record and does not do so). In the ordinary course, when the procedures of section 19(f)(1) are strictly followed, a summons will not be issued by the clerk of the circuit court unless the fee for the probable cost of the record has been paid. Thus, under section 19(f)(1), the Commission is relieved of the possible burden of having to contest a summons because the record has not been paid for.

Although the summons in the instant case was issued before proof of payment of costs was exhibited to the clerk of the circuit court, the purpose of relieving the Commission of administrative inconvenience was nevertheless met. The return date on the summons—the date by which the Commission was required to certify the record to the circuit court—was December 24, 1996, or five weeks after the record was paid for on November 14, 1996. [2] By statute, the Commission must be given a minimum of 10 days to prepare the record for appeal. 820 ILCS 305/19(f)(1) (West 1996). Ten days prior to December 24, 1996, was December 14, 1996, or a month after the record had been paid for. Accordingly, because the cost of preparing the record was paid to the Commission well in advance of the return date, we conclude that the Commission was never placed in a position where it was forced to contest the summons because the cost of prepar-

---

[2]The record of proceedings was actually filed in the circuit court on January 16, 1997, over two months after the record had been paid for.

ing the record had not been paid. We hold, therefore, that under the particular facts of this case, petitioner satisfied the " 'material provisions of the statute' " (*Lee*, 82 Ill. 2d at 500, quoting *Estate of Womack*, 12 Ill. 2d at 317), and that jurisdiction properly vested in the circuit court.

In support of its position that petitioner's appeal should be dismissed for want of jurisdiction, respondent cites to language from previous decisions of this court where it was determined that the circuit court did not acquire jurisdiction because the party seeking review failed to comply with the requirements of section 19(f)(1). See *Arrington v. Industrial Comm'n*, 96 Ill. 2d 505 (1983); *Wabash Area Development, Inc. v. Industrial Comm'n*, 88 Ill. 2d 392 (1981); *Bemis Co. v. Industrial Comm'n*, 97 Ill. 2d 237 (1983). We find these cases inapposite. None of the holdings of the decisions cited by respondent address the precise legal question presented in the case at bar. Nor do these decisions involve a factual situation where, like here, the petitioner filed the request for summons within the statutory 20-day period, and exhibited proof of payment to the clerk of the court in the form required by the statute within the 20-day period. See *Arrington*, 96 Ill. 2d at 507-08 (at the time of decision, section 19(f)(1) provided that proof of payment for the record could be established only by exhibiting to the clerk a receipt showing that payment had been made, an attorney's affidavit was not allowed; the receipt showing payment for the record was not shown to the clerk until after the statutory 20-day period had expired); *Wabash*, 88 Ill. 2d at 397 (section 19(f)(1) required that proof of payment be established by exhibition of a receipt and not an affidavit; the record did not contain a copy of any receipt showing payment); *Bemis*, 97 Ill. 2d at 238-39 (section 19(f)(1) required that proof of payment be established by exhibition of a receipt and not an affida-

vit; the receipt was filed with the clerk after the 20-day statutory period had expired).

We must " 'liberally construe [statutes granting] a right to appeal so as to permit a case to be considered on its merits.' " *Cox v. Board of Fire & Police Commissioners*, 96 Ill. 2d 399, 403 (1983), quoting *Glasco Electric Co. v. Department of Revenue*, 86 Ill. 2d 346, 352 (1981); *City National Bank & Trust Co. v. Property Tax Appeal Board*, 97 Ill. 2d 378 (1983); 3A N. Singer, Sutherland on Statutory Construction § 67.08 (5th ed. 1992). We must also construe statutes so that they may be applied in a practical and commonsense manner (*People ex rel. Singer v. Illinois Central R.R. Co.*, 373 Ill. 523, 526 (1940)), and in a manner which avoids unjust results (*Sun Choi v. Industrial Comm'n*, 182 Ill. 2d 387, 396 (1998)). Although section 19(f)(1) directs the party seeking judicial review to exhibit proof of payment of costs when filing a request for summons, the statute does *not* indicate what consequences should follow from a failure to strictly adhere to this requirement. Absent a clear indication to the contrary, we will not presume that the legislature, having granted the right to judicial review in workers' compensation cases, intended that the right be lost on the " 'narrow or technical' " grounds (*Lee*, 82 Ill. 2d at 500, quoting *Estate of Womack*, 12 Ill. 2d at 317) advanced by respondent in this case.

## Conclusion

For the foregoing reasons, the judgments of the appellate and circuit courts are reversed. The cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Appellate court judgment reversed;*
*circuit court judgment reversed;*
*cause remanded.*

JUSTICE MILLER, dissenting:

I do not agree with the majority's conclusion that the circuit court properly acquired jurisdiction over the present appeal. For that reason, I respectfully dissent.

It is well settled that the circuit court exercises a special statutory jurisdiction in reviewing Industrial Commission decisions, and that the circuit court obtains jurisdiction only in the manner prescribed by statute. *Arrington v. Industrial Comm'n*, 96 Ill. 2d 505, 510-11 (1983); *Perusky v. Industrial Comm'n*, 72 Ill. 2d 299, 301 (1978); *International Harvester v. Industrial Comm'n*, 71 Ill. 2d 180, 185 (1978). Strict compliance with the statutory requirements is necessary to vest the circuit court with subject matter jurisdiction. *Arrington*, 96 Ill. 2d at 508; *Wabash Area Development, Inc. v. Industrial Comm'n*, 88 Ill. 2d 392, 395-96, 398 (1981); *Boalbey v. Industrial Comm'n*, 66 Ill. 2d 217, 218 (1977). " '[T]he methods of procuring jurisdiction are specifically defined in the [Workers'] Compensation act, and the courts can obtain jurisdiction only in the manner provided by that statute.' " *Peter H. Clark Lodge No. 483, I.B.P.O.E. of W. Elks v. Industrial Comm'n*, 48 Ill. 2d 64, 69 (1971), quoting *Village of Glencoe v. Industrial Comm'n*, 354 Ill. 190, 193 (1933). Under the version of section 19(f)(1) applicable at the time of those earlier decisions, a party seeking judicial review was required to file a *praecipe* for a writ of *certiorari*; as amended, the statute now provides that a party seeking review is to file a request for a summons. Although the terminology is different, the essential requirements remain the same. One of the statutory requirements that has remained constant through the years is the requirement that, before the writ or summons may be issued, the party seeking review must provide the circuit clerk with proof that the party has paid the Industrial Commission the probable cost of preparing the record. This court has previously stated that compliance with this requirement is a condition pre-

cedent to the circuit court's exercise of jurisdiction. *Clark Lodge*, 48 Ill. 2d at 68-69, quoting *Moweaqua Coal Mining & Manufacturing Co. v. Industrial Comm'n*, 322 Ill. 403, 405 (1926).

Ignoring this precedent, the claimant argues, and the majority agrees, that only substantial compliance with the statute was necessary in this case and, further, that substantial compliance was achieved in the present matter. For the reasons set out below, I do not agree with either proposition. In essence, the majority adopts a theory more appropriately termed "eventual performance," excusing a party's failure to comply with all the requirements of the statute.

The conditions under which this court has previously endorsed substantial compliance with the statutory requirements for seeking review of Industrial Commission decisions are far different from the circumstances in the present case. In *Berry v. Industrial Comm'n*, 55 Ill. 2d 274 (1973), the claimant's lawyer received the Commission's decision on May 10, 1972. On May 25, counsel sent to the circuit clerk a *praecipe* for writ of *certiorari*, which was received by the clerk the next day, May 26. Counsel sent the Commission a check for payment for costs and sent the circuit clerk the filing fee and a copy of the letter he had sent the Commission. Following a weekend and intervening holiday, the clerk received, on May 30—the 20th day of the statutory period—the fee and the copy of counsel's letter to the Commission. That day, the deputy clerk called the Commission and verified that the costs had been paid. The clerk then filed the petition for a writ of *certiorari. Berry*, 55 Ill. 2d at 276.

The *Berry* court held that the claimant had substantially complied with the requirements of section 19(f)(1) and that the circuit court therefore possessed jurisdiction over the review proceeding. The court found distinguishable decisions applying the principle of strict construc-

tion to the requirement of the statute that the receipt be exhibited to the clerk before the *praecipe* could be filed. In *Berry*, the clerk had verified the payment of the probable cost of the record with a telephone call prior to issuing the writ, and therefore the court believed that the purpose of the statute had been fulfilled.

The present case is much different from *Berry*. The claimant in the present case, unlike the claimant in *Berry*, did not fulfill the essential requirements of the statute. Here, the circuit clerk could not have been satisfied that payment of costs was made to the Commission before issuing the summons, because payment was not made until six days after the summons was issued; no further summons was issued following the submission of proof of payment to the clerk. Section 19(f)(1) expressly requires payment and proof of payment prior to issuance of a summons; because the petition did not comply with those conditions precedent, the summons should be deemed to have been without effect. In *Berry*, in contrast, the writ was not issued until after the clerk was satisfied that the costs had been paid.

The limited scope of the holding in *Berry* is shown by two later decisions of this court—decisions that the majority virtually ignores. Attempting to distinguish one of these cases, *Wabash Area Development, Inc. v. Industrial Comm'n*, 88 Ill. 2d 392 (1981), the majority suggests that the court's rationale in that case turned on the absence from the record of a receipt for payment of costs and, further, that the court would have reached a different result if the record had contained a copy of the receipt. 188 Ill. 2d at 327 ("section 19(f)(1) required that proof of payment be established by exhibition of a receipt and not an affidavit; the record did not contain a copy of any receipt showing payment"). A plain reading of the opinion refutes the majority's interpretation, however, for the court discussed the possibility now mentioned by the majority and rejected it. The court explained:

"However, even if such a receipt could be produced, it would simply establish that the receipt was dated after the writ was issued by the circuit court on August 18, 1980, and after a motion was filed on August 20 to quash the writ because of the absence of a receipt. In fact, the only evidence of any receipt having been filed in this case is found in the clerk's 'Record Sheet,' which contains the following entry, '9/2/80 copy of receipt filed.' This entry likewise evidences the fact that the writ of *certiorari* issued August 18, 1980, should not have been given. If there was a receipt issued by the Commission, it was apparently executed after the writ had issued and was likewise filed with the clerk after the writ had issued. Although the statute does not require that the receipt be filed, it appears that the receipt in this case could not have been 'exhibited to the clerk of the Circuit Court' before the writ was issued. Thus, the clerk issued the writ outside the statutory requirement that such receipt be exhibited to the clerk *before* the writ is issued." (Emphasis in original.) *Wabash Area Development*, 88 Ill. 2d at 397-98.

Thus, contrary to the majority's view, the court in *Wabash Area Development* did not endorse the notion that a late receipt would be sufficient, or that the sequence in which the statutory requirements are satisfied is irrelevant, so long as they are all eventually performed. In fact, the court expressed the opposite view and reaffirmed the requirement that proof of payment must be shown to the clerk before the writ may be issued.

In *Bemis Co. v. Industrial Comm'n*, 97 Ill. 2d 237 (1983), another decision that the majority chooses to disregard, this court again considered a succession of events similar to the chronology here and again rejected the theory, embraced by the majority here, that the sequence in which the jurisdiction-conferring steps are performed is irrelevant. In that case, the Industrial Commission confirmed an award entered by the arbitrator in favor of the claimant, an employee's widow. The circuit court confirmed the Commission's determination, and the

employer appealed to this court. On appeal, the claimant argued that the circuit court lacked jurisdiction because the writ of *certiorari* was improperly issued. In that case, the employer's counsel sent a check to the Commission on February 3, 1982, to pay for the probable costs of preparing the record. On February 5, counsel called the Commission and learned that the check had been received and that a receipt had been issued and would be mailed that day. On February 8, the 19th day of the 20-day period for commencing a review proceeding, the employer's counsel filed with the circuit court a *praecipe* for a writ of *certiorari*. At the time, counsel told the deputy clerk of the steps he had taken and mentioned that he had not yet received the Commission's receipt for payment. The writ of *certiorari* was issued that day, February 8. The deputy clerk indicated, on a note attached to the writ, that the Commission's issuance of the receipt was confirmed in a telephone call made by the deputy on February 9; the receipt was filed with the clerk on February 10.

If the majority's interpretation of the case law were correct, then the *Bemis* court would have found jurisdiction proper, for the clerk of the court received by telephone confirmation of payment of the costs before the 20-day period expired. It will be recalled that *Berry* approved this mode of verification. The *Bemis* court found *Berry* distinguishable, however, and concluded that jurisdiction was lacking in the circuit court. The court explained:

> "Here the only assurance that the Commission had received payment before the writ was issued came from the statements made by the attorney filing the praecipe to the clerk. The deputy clerk's subsequent telephone call a day after the writ was issued does not remedy the situation. Had the clerk called and verified the issuance of the receipt prior to the issuance of the writ of *certiorari*, we would be looking at a much more persuasive case where

the clerk of the circuit court had also been assured that the Commission had received payment. Because that verification came after the issuance of the writ of *certiorari*, it came too late." *Bemis Co.*, 97 Ill. 2d at 240-41.

Again, it should be noted that in *Bemis* the deputy clerk's call to the Commission verifying issuance of the receipt occurred on the last day of the 20-day period. Although the legislature later amended the statute to permit proof of payment of costs by attorney affidavit, the legislature has not altered the requirement that proof of payment must precede issuance of the summons.

As the preceding cases illustrate, a summons issued prior to the clerk's receipt of proof of payment of costs is without effect. Here, the claimant failed to satisfy the condition precedents for review. Nonetheless, the majority goes to great lengths to save an appeal for the claimant, whose claim was denied by the Industrial Commission for failure to provide notice of the injury to his employer. In doing so, the majority reverses the judgments of the two courts below, ignoring in the process both the legislative mandate and longstanding precedent of this court. I would affirm the judgments of the courts below, which concluded that jurisdiction over the present case was lacking.

CHIEF JUSTICE FREEMAN and JUSTICE RATHJE join in this dissent.